## INMAN & COMPANY *v.* BARNUM.

There was no error in any of the charges of which complaint was made, and the evidence warranted the verdict.

Submitted March 1, — Decided April 2, 1902.

Complaint. Before Judge Brinson. Richmond superior court. March 16, 1901.

To the statement of facts in the opinion it is proper to add only that among the instructions complained of in the motion for a new trial were the following: " Something has been said in this case as to the fact, which is a contention by the defendants, that they supposed Barnum & Company were manufacturers, and that they had a right to suppose that they were manufacturers of these articles. It would not make any difference who manufactured the article, just so it came up to the description, just so it was such an article as had been ordered, and just so it was shipped in a reasonable time. It would not make any difference, so far as the liability of Inman & Company is concerned, whether it was manufactured by Barnum & Company or some one else. If the article was such as was contracted for, and was shipped within a reasonable time, it would be entirely immaterial by whom it was manufactured." " It matters not that the plaintiffs did not actually do the work themselves but had it done, so long as they did not exceed this reasonable time."

*Boykin Wright* and *George T. Jackson Jr.*, for plaintiffs in error, cited, as to time for performance of contract: 59 Hun, 512, s. c. 13 N. Y. Supp. 529; 25 Pa. St. 338; 39 Am. R. 170; 91 *Ga.* 698 – 9; 5 Am. & Eng. Enc. L. (2d ed.) 250; Clark, Cont. § 251, pp. 597 – 8; 96 U. S. 24; 115 U. S. 188; 121 U. S. 255; 34 Fed. 200; 40 Md. 512; 18 Ind. 365; 2 App. Cas. 455; Addison, Con. (6th ed.) 185; 107 N. Y. 161, s. c. 13 N. E. 592; 19 How. 224; Civil Code, § 3724; 34 Minn. 39, s. c. 24 N.. W. 322; 16 Pick. 227; 2 Penrose & Watts (Pa.), 63; 3 Bibb (Ky.), 105; 9 Wend. 135. As to subletting the work: Civil Code, § 3724; 105 *Ga.* 222; 112 *Ga.* 210. Whether order executed in reasonable time, question for court: 40 L. R. A. 834; 8 Gray, 33; 124 Ind. 490; 17 N. Y. 609.

*Irvin Alexander*, contra, cited, as to time for performance, Tiedeman, Sales, § 100, p. 147. As to subletting: 81 *Ga.* 103 (6); 112 *Ga.* 199 (7), 213.

SIMMONS, C. J.    It appears from the record that Inman & Co., merchants of Augusta, Georgia, desired an iron spiral staircase for the purpose of connecting certain offices they had been using with other rooms which they wished to use.    They wrote to Barnum, of Detroit, Michigan, to ascertain if he could supply their wants. Barnum in reply stated that he could furnish the staircase at a designated price, which was subject to change after ten days.    He also sent them a catalogue containing pictures of different kinds of staircases.    Inman & Co., on September 6, ordered a staircase by the catalogue number, giving certain dimensions and measurements. This staircase they ordered him to " ship by quickest possible route, immediately."    Barnum accepted the order by a postal card, which, however, did not reach Inman & Co.    Some correspondence ensued between the parties, in which Inman & Co. complained that the order had not been filled more promptly.    Barnum, on October 2, replied that he had " the work well under way," and would rush it all he could, " consistent with good work."    Inman & Co. in reply asked that the staircase be shipped as soon as possible, as they needed it.    They continued to write and telegraph, urging a speedy shipment of the goods.    To these communications they seem to have received no reply.    On October 17, they telegraphed Barnum that they preferred to cancel the order unless the goods had been shipped.    On the next day, having received no reply, they telegraphed and wrote a cancellation of the order.    Barnum replied that the work had been unavoidably delayed, but was nearly completed, and would be forwarded as soon as possible.    After this, Inman & Co. contended in their letters that they had the right to cancel the order, Barnum contending that the order was one for special work which had to be manufactured, and that he had completed the staircase, had no use for it, and could not consent to a cancellation of the order.    On October 26, the staircase was shipped. Inman & Co. refused to receive the goods, and Barnum brought suit to recover the price.    The trial of the case resulted in a verdict for the plaintiff.    A new trial was granted.    On the second trial the defendants contended that under their order to ship "immediately" it was incumbent on the plaintiff to make immediate shipment of the goods, as the defendants understood that the staircase was in stock and did not have to be manufactured; and that, even if the goods were to be manufactured, the order was not complied with

in time, delay resulting from subletting the contract or from scarcity of material being no excuse. · The plaintiff contended that the defendants knew or ought to have known that the goods had to be manufactured, and that he had manufactured and .shipped them without unnecessary delay.  He also contended that, even if the defendants had previously thought the goods were already in stock, his letter of October 2 put them on notice that this was not true; and that defendants had waived their right of rescission by failing to rescind within a reasonable time after the receipt of this letter. The jury found in favor of the plaintiff.  The defendants moved for a new trial.  The motion was overruled, and the movants excepted.

We have carefully read the admirable charge made in this case by the learned trial judge.  Many exceptions were taken to it, but we find that it was fair, full, impartial, and exceedingly clear in the statement of the contentions of the parties and the law applicable thereto.  The jury, in applying the facts in evidence to the principles of law announced, could not possibly have been misled by anything in the charge.  In one. of the grounds of the motion for new trial complaint is made that the judge erred in instructing the jury as to the meaning of the word "immediately," as used in the defendants' order.  In construing this order the judge charged that "To ship 'immediately,' as expressed in this order, would mean without any delay except such as may be necessary in the usual course of the particular business in hand."  Under the facts disclosed by the record there was no error in this; for the judge in the same part of the charge instructed the jury that if Inman & Co. had reason to believe that the staircase was kept in stock, it was incumbent upon Barnum to set about shipping the goods as soon as the order was received, and to ship them without any delay not necessary in the usual course of shipping such goods from stock; but that if the defendants had notice that the staircase had to be manufactured, then the order made it incumbent upon Barnum, not to ship immediately, but to manufacture and ship the goods without any delay except such as was necessary in the usual course of manufacturing and shipping such goods.  The word "immediately," in such an order or contract, must be construed according to the nature of the goods, whether they are kept in stock or to be manufactured, and in the light of the circumstances of the case gen-

erally.   The judge also charged the jury that if Inman & Co. believed that the goods were kept in stock and could be shipped at once, and the terms of the order were sufficient to put the plaintiff on notice of that belief, then Barnum would be bound by the terms of the order ; but that if the defendants subsequently ascertained that the goods had to be manufactured and the delivery thereby delayed, then the law imposed upon them the duty of rescinding within a reasonable time, and a failure to do so waived the right of rescission.   We think this charge was correct and applicable to the facts of the case.   There was sufficient evidence to authorize the verdict for the plaintiff ; it was the second verdict in his favor, and was approved by the trial judge.   We can not interfere with his discretion in refusing a new trial.

*Judgment affirmed.     All the Justices concurring, except Little and Lewis, JJ., absent.*