## CROSS et al. v. COFFIN–FLETCHER PACKING CO.

1. Where a motion for a new trial was filed during the November term, 1904, and an order was passed requiring the respondent to show cause, on a day named during the next term, why the motion should not be granted, and allowing the movants until the final hearing "to present for approval a brief of the evidence," the court had authority, on the day fixed in the order for the hearing of the motion, to approve and allow filed a brief of evidence then presented.
2. On the trial of an action for damages claimed to have been sustained by reason of the levy of an attachment upon a stock of goods, it was error to allow an answer to an interrogatory to be read, stating merely in general terms that the plaintiff had suffered damage in a named sum because the goods levied on were kept in stock by reason of the levy. Such evidence was too general, stated merely a conclusion of the witness, and should not have been admitted over an objection made at the time upon this ground.

3. There were inaccuracies in the charge which should be corrected on another trial.

Argued June 26, — Decided August 4, 1905.

Action on bond.     Before Judge Calhoun.     City court of Atlanta.     January 14, 1905.

The Coffin-Fletcher Packing Company brought suit against Cross, Brown, and the Fidelity and Deposit Company, on an attachment bond.     The petition alleged, that the attachment case had been finally decided in favor of the Coffin-Fletcher Packing Company, and that by reason of the attachment it had sustained damages as follows: $200, attorney's fees; $77.15, for releasing garnishments and collecting accounts due; $86.20, expenses and damages caused to goods by being held in stock by reason of the attachment and levy; $20, cost of bond given to dissolve garnishments in the attachment suit.     At the November term, 1904, verdict was returned in favor of the plaintiff "for $250 principal, and $30.61 interest."     During that term a motion for a new trial was filed by the defendants.     An order was passed requiring the plaintiff to show cause, on the 15th day of January, 1905, which was during the January term, 1905, why the motion should not be granted.     The order also provided that "the movants are granted until the final hearing of this motion, whether the same be had at this or a later term of this court, to present for approval a brief of the evidence in the cause, as well as to amend said motion or the grounds thereof."     The motion for a new trial came on for a hearing on January 15, 1905, in term.     No brief of evidence was filed by the movants during the November term, 1904, nor had any such brief been filed when the motion was called for hearing. The plaintiff moved to dismiss the motion for a new trial, because of the failure to file a brief of the evidence.     This motion was overruled, and the brief of evidence was then presented, approved, and ordered filed.     An order was then entered overruling the motion for a new trial.     The defendants excepted to this order; and the plaintiff, by cross-bill, excepted to the refusal to dismiss the motion for a new trial because of the failure of the movants to file a brief of the evidence before the hearing.

*C. B. Reynolds* and *Felder & Rountree,* for Cross et al. *Walter T. Colquitt* and *Ben. J. Conyers,* contra.

Совв, J.     1. While the Civil Code, § 5484, provides that ordi-

nary motions for new trials must be made during the term at which the trial was had, and that when the term continues longer than thirty days from the trial, "the application shall be filed within thirty days from the trial, together with a brief of the evidence," it is settled by numerous decisions, which need not be cited, that the judge may, by order passed when the motion for new trial is made, extend the time for filing the brief of evidence to any day in the future before the motion is finally heard and determined. The question raised by the motion to dismiss the motion for a new trial in the present case turns upon the construction to be given the words " present for approval a brief of the evidence in the cause." If this language is broad enough to include the right to *file* the brief of evidence, the court properly overruled the motion to dismiss. That the language is broad enough to accomplish this purpose was expressly decided in *Johnson* v. *Grantham*, 110 *Ga.* 281. While the language of the order in that case does not appear in the printed report, the original record shows that the language then used was: " Let the brief of evidence be presented for approval on or before the date aforesaid." This was a unanimous decision and is controlling in the present case. See also *Napier* v. *Heilker*, 115 *Ga.* 168; *Hightower* v. *George*, 102 *Ga.* 549. After a careful examination of the numerous cases dealing with this subject we find none which conflict with those just cited.

2. Complaint is made of the admission of answers to interrogatories, stating that the plaintiff suffered damages in a named sum by reason of the goods being held in stock because of the attachment; the objection being that it was not shown how or in what manner the damage was suffered, or the items thereof, and that it was not competent to prove damages in such general terms. We think the objection was well taken. It was not permissible for the witness to state merely in general terms the amount of damage sustained. He should have given the jury some facts and data from which to estimate the amount of the damage. The testimony objected to was nothing more than a conclusion of the witness as to what damages had been sustained by reason of the goods having been kept in stock after the levy of the attachment. It was the province of the jury to fix the damages from proved facts, and they were not to be controlled by mere conclusions of

witnesses as to this matter.   It is said, however, that the objection to the interrogatories was one merely of form, and fell within the spirit of the rule of court with reference to objection to interrogatories on the ground that they were leading (Civil Code, §5668).   The rule of court relates entirely to objections of the nature just indicated, and does not embrace, either in letter or spirit, an objection such as the one made in the present case. Besides, the objection was not one merely of form.   It was of substance, and raised the objection that the testimony offered was not competent to prove the fact sought to be shown.   It is further contended that it has been determined on demurrer that the item of damage referred to in the testimony objected to was legitimate, and that the allegation as to this item in the petition was as general as the testimony offered to support it.   Unquestionably the defendants were concluded by the judgment on the demurrer, as to the legality of this item of damage, if this question was made by the demurrer and determined adversely to the defendants.   *Ga. Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 504.   The demurrer is not in the record, and we do not know whether the question was raised and determined on demurrer or not ; but conceding that it was, the demurrer adjudicated nothing as to the nature of the proof necessary to establish the allegation.   Pleading may be more general than proof.   A general averment that the plaintiff had been damaged a named sum would be good against a general demurrer, but the proof should show wherein and how such damage was sustained.   It is further contended that as the verdict was for only $280.15, and the evidence demanded a finding for $297.15, with the item to which the inadmissible testimony related omitted, the judgment ought not to be reversed. Suffice it to say, with reference to this contention, that the jury were not bound to take the amounts fixed by the witnesses as the damages sustained, but could reduce these amounts, if under all the facts and circumstances they were of opinion this should be done.   One of the items in the $297.15 was $200 attorney's fees. This amount the jury could have reduced if they thought it unreasonable.   *Baker* v. *Richmond Works*, 105 *Ga.* 225.

3. The other grounds of the motion for a new trial need not be discussed at length.   The judge, in referring in his charge to damages for which a recovery could be had, should have stated specif-

ically that they must be damages which were sustained in conse-
quence of the suing out of the attachment. There were some
other slight inaccuracies in the charge, but these will no doubt be
corrected on another trial. It would be in accordance with the
better practice, and on another trial an instruction to that effect
should be given, for the jury to return a verdict in an aggregate
sum, without itemizing the amount found or stating the processes
by which they arrived at it. The plaintiff having put in evidence
its answer in the attachment case, it was the right of counsel for
the defendants to comment to the jury on the answer and draw
from it any legitimate conclusions which would illustrate the is-
sues involved in the case on trial; but it was not error for the
court to prevent counsel from discussing parts of the answer
which could not possibly throw any light on the issues then
involved.

*Judgment reversed on main bill, and affirmed on cross-bill of
exceptions. All the Justices concur, except Simmons, C. J., absent.*