930. CINCINNATI GLASS & CHINA CO. v. STEPHENS.

In a contract for the sale of personal property to be delivered "shortly,".
it is the duty of the seller to tender delivery within a reasonable time.
If, after a reasonable time has expired, the seller tenders delivery, the
buyer may reject. Mere failure of the buyer to notify the seller, after
a reasonable time, that the property will not be accepted does not waive
this right of rejection, unless there is some reason arising from the
circumstances, growing out of good faith or commercial usage, requiring
such notice from the buyer.

Certiorari, from Macon superior court—Judge Littlejohn. No-
vember 11, 1907.

Argued February 17,—Decided February 24, 1908.

Leon C. Greer, for plaintiff. Greer & Felton, for defendant.

POWELL, J. The salient facts necessary to be stated are these:
The defendant ordered from the plaintiff a bill of queensware to
be shipped September 1. On September 5 the plaintiff shipped a
portion of the order and sent to the defendant an invoice therefor
on which was written the statement, "balance of the order will
follow shortly." The defendant accepted these goods and used
them. No further communications or transactions between the
parties ensued until November 6, when the plaintiff delivered to
the transportation company the remainder of the order; on No-
vember 18 the goods arrived at destination and the defendant was
so notified; but he declined to receive the shipment and left it in

the hands of the carrier. On November 28 the defendant wrote the plaintiff as follows: "Inclosed find check for $72.67 to cover amount of bill shipped some time ago. You did not ship all the goods I ordered, and I waited and they did not come, and in the meantime I sold out in about two months after I had bought the goods and they had not been shipped. I naturally supposed you did not intend to ship them. In a few days after I sold out I got a bill for them—consequently I can not use them." In this connection it may be stated that the account for the first invoice did not mature until this letter was written. It appeared, from the testimony of the plaintiff, that a portion of the goods ordered was carried in stock, but that it was necessary to import the remainder from abroad. The portion in stock was shipped September 5; the portion imported November 6. The plaintiff's testimony tended to establish the conclusion that the delay was not unreasonable. The defendant, on the contrary, showed that he was not informed that it would be necessary to import any of the goods; and under his testimony the delay was unreasonable. The jury found in favor of the defendant; and counsel for the plaintiff concedes that the verdict concludes the question in favor of the theory that the delay was in fact unreasonable. The plaintiff insists, however, that when the defendant became aware that the shipment was being unreasonably delayed, it was his duty to notify the plaintiff that he would not take the goods if they were shipped later; and that by his having remained silent, he waived the right to complain of the delay.

It is unnecessary for us to determine whether the contract originally was entire or was divisible. The plaintiff tendered a portion of the goods as one instalment; offering to send the remainder as another. The notice written on the first invoice indicated this intention; and the defendant having accepted the first instalment under these circumstances, the law will thereafter construe the contract as divisible, so far as the segregate portions of the original order are concerned. If the contract was in fact originally indivisible, this mutual conduct under it made a quasi novation. The separate shipping and invoicing of a portion of the goods at or about the date fixed for delivery, with the notice that the others would follow soon, accepted by the buyer, operated to convert the transaction into two sales,—one executed, the other to be consum-

mated by a delivery of the remainder of the goods "shortly," that is to say, within a reasonable time. Compare Civil Code, §5155. Since the conduct of the parties has created two contracts where formerly there was but one, and since the defendant has paid for the goods shipped under the first invoice, so much of the transaction as refers to the first shipment may be eliminated from consideration, and our attention may be directed immediately to the relative rights of the parties under the contract arising from the plaintiff's offer to send the second instalment "shortly" after September 5, and the agreement imputed to the defendant, on account of his acquiescence, to receive them on those terms. The verdict of the jury fixes the further fact that the plaintiff did not tender delivery under the last contract within a reasonable time. We may also dismiss from consideration the fact that about the first of November the defendant sold out his business; for this could be only a subjective reason influencing the defendant either to a breach of his obligation under the contract or to an unwillingness to waive a breach of the opposite party; and as to these questions such reasons are wholly immaterial. Thus isolated and stripped of surplusage, the naked questions stand: first, did the failure to ship the goods in a reasonable time give the defendant a right to refuse to take; and then, if so, did he waive that right by any failure on his part to give notice to the defendant before the goods were tendered that he was insisting that the delay was unreasonable? The first question must be answered in the affirmative. Benjamin on Sales (7th ed.) §688; Civil Code, §§3724, 3727. The second question must be answered in the negative. Until the time for delivery had become unreasonable, the buyer had the right to expect that the delivery would be made. After the delay became unreasonable, he had the right to assume that since the seller had broken his contract in this material respect, he would not attempt to fulfil it at all. His only duty then was to do no affirmative act whereby he should waive the delay, such as accepting the goods without objection. By refusing the goods when untimely tendered, he relieved himself from the imputation of acquiescence; he in the meantime having done nothing to induce the seller to believe that a delayed delivery would be accepted. Of course, if the seller had notified the buyer that it would be necessary to import the goods and that the delay in all probability

would result, and the buyer, by failing to reply to the letter or to show his objection, had led the seller to believe that a belated delivery would be accepted, a different principle would be applied. Such is the holding in the case of *Inman* v. *Barnum*, 115 Ga. 117 (41 S. E. 244). A homely illustration may serve to make plainer the result in this case. I order to-day, it being February, five tons of coal to be delivered at my residence at once, and the dealer accepts the order. To-morrow he sends two tons, and informs me that he can not send the remainder then, but that he will send it soon. Time runs along, the coal does not come, and not being specially inconvenienced, because I can supply myself elsewhere, or for any other reason, I make no complaint, and in May, when I have no need for the coal the dealer sends it. May I not reject it? Have I waived my right to reject it by not notifying the dealer expressly that I will not accept it after an unreasonable delay? It is very likely that the defendant in this case would have waived the delay and have accepted the goods, if he had remained in business; but this was a matter addressed purely to his volition. He was not legally liable; and the judgment is right. *Judgment affirmed.*