1164. AMERICAN INSURANCE CO. v. PEEBLES & CO.

1. Where a policy of fire-insurance requires the insured to submit proofs of loss within a reasonable time, ordinarily it is for the jury to determine whether the proofs were submitted within such time; but where the undisputed evidence demands a particular finding, it is not error for the judge to direct a verdict accordingly.
2. Where an insurance company claims a breach of a condition which avoids a policy "if the subject of insurance be a building on ground not owned by the insured in fee simple," the burden of so proving rests upon the insurer. Proper diligence prior to the trial would have revealed the newly discovered evidence.
3. No error appears which would authorize the grant of a new trial.

Action on insurance policy, from city court of Atlanta—Judge Reid. March 18, 1908.

Argued July 3, 1908.—Decided February 20, 1909.—Rehearing denied February 27, 1909.

*Burton Smith, Lawton Nalley,* for plaintiff in error.

*Ben. J. Conyers, Walter T. Colquitt,* contra.

RUSSELL, J. I. F. Peebles & Company, a partnership composed of I. F. Peebles and his mother, brought suit against the American Insurance Company, on a policy of fire-insurance, covering a one-story brick building in the town of Butler, Georgia, in which the plaintiffs carried on a general merchandise business. The fire, which resulted in the total destruction of the building, occurred on April 6, 1906, and originated in another part of the town. The day after the fire the insured gave the company notice in writing of their loss, and requested the customary blanks on which

to make formal proofs thereof. Receiving no answer to this letter, the insured wrote again, and finally went to the company's general manager at Atlanta and requested in person that the blanks be furnished. This was on July 11, and immediately thereafter the blanks were filled out and submitted, under date of July 18. The policy contained a provision that the insured "shall give immediate notice of any loss thereby in writing to this company, . . and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating . . the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss thereon." The policy, however, does not provide that a failure to submit proofs of loss within sixty days shall avoid the policy. The trial resulted in a verdict for the plaintiff, directed by the court; and the defendant excepts to the overruling of its motion for a new trial.

1. The first assignment of error raises the point that, since the insured failed to submit proofs of loss within the time stipulated by the policy, it was a question for the jury as to whether such proofs were submitted within a reasonable time. So far as material to a consideration of this point, the policy involved in the case of *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216), contains provisions similar to the one involved in the case at bar. In that case the Supreme Court held that a failure to submit proofs of loss within the time stipulated by the policy would not work a forfeiture, if the proofs of loss were submitted "in time for at least sixty days to elapse between the date upon which they were furnished and the expiration of the twelve months limitation" within which suit should be brought on the policy. This time was fixed by the court as being a reasonable compliance with the stipulations of the policy, it being said by Judge Cobb that the policy would never be forfeited if the insured submitted proofs of loss within a reasonable time. "What would be a reasonable time is to be determined by the peculiar facts [and circumstances] of each case." Id. 625. Where, under the evidence, reasonable men might draw different inferences, or there is material conflict in the evidence, the determination of the question is for the jury. *Brooks* v. *Boyd,*

1 *Ga. App.* 65, 70 (57 S. E. 1093) ; *Cincinnati Glass Co.* v. *Stephens,* 3 *Ga. App.* 766 (60 S. E. 360). But where the undisputed evidence clearly demands a finding that the proofs were submitted within a reasonable time, it is not error for the judge to direct the jury in accordance with the only legal result possible in the case. *Abbeville Trading Co.* v. *Butler,* 3 *Ga. App.* 138 (59 S. E. 450) ; *Emerson* v. *Knight,* 130 *Ga.* 100 (60 S. E. 255) ; *Perry* v. *Macon Consolidated R. Co.,* 101 *Ga.* 400 (29 S. E. 304) ; *Earnshaw* v. *United States,* 146 U. S. 60 (13 Sup. Ct. 14, L. ed. 887). Applying this rule to the evidence in the case at bar, it was not error for the judge to instruct the jury that the proofs were submitted within a reasonable time. The fire occurred on April 6; the very next day the plaintiffs notified the defendants of the loss, and requested blank forms which were kept by the company and customarily sent to policyholders, upon which proofs of loss are made. After waiting several days the plaintiffs wrote again, and they were finally forced to make a trip to Atlanta in order to obtain the blank forms; and immediately thereafter filled them out and sent them to the company. In view of these facts it would have been improper and illegal for the jury to have found that the delay on the part of the insured was unreasonable.

2. The policy contains a provision that it "shall be void . . if the subject of insurance be a building on ground not owned by the insured in fee simple." Where the company claims a breach of this condition, the burden of so proving rests upon it. 2 Clements on Fire Insurance, 182; *Indian River Bank* v. *Hartford Ins. Co.,* 46 Fla. 283 (35 So. 228) ; *Gate City Ins. Co.* v. *Thornton,* ante, 585 (63 S. E. 638) ; *Morris* v. *Imperial Ins. Co.,* 106 *Ga.* 461 (32 S. E. 595). The insurance company did not introduce at the trial any evidence tending to show a breach of this condition. The evidence of the plaintiff on the question of ownership of the land, at the trial, was to the effect that I. F. Peebles & Company had been in possession since 1895, claiming a fee-simple title, and that the deeds were not on record and had been lost. One of the grounds of the motion for a new trial is based on alleged newly discovered evidence tending to show that the land upon which the building stood was owned by I. F. Peebles, instead of I. F. Peebles & Company. Even if it should be established beyond question that one of the partners owned the lot

individually and that the other had no interest therein, it is extremely doubtful whether this would show a breach of the condition, under the rule of strict construction which must be indulged against the insurer; for there is respectable authority for the proposition that, to hold the policy void because of this condition, there must be an ownership in some person who is not a party to the contract of insurance. Mascott *v.* Insurance Co., 69 Vt. 116, 119 (37 Atl. 255). The policy was to be void only if the building was on "ground not owned by the insured in fee simple." The moral hazard may possibly be increased where some of the persons insured are interested in the building and not in the land; because where the ownership attaches both to the building and the land, the temptation to burn is lessened; since the owner might lose the value of the use of the land during the period of vacancy; and this reason might apply even in the case of a partnership. It is unnecessary, however, to decide the question just suggested. The defendant merely objected at the trial to the plaintiffs' evidence of their title; it did not show (as it was bound to do before it could claim a breach of the condition of the policy) that the plaintiffs' title—presumably good—was bad, or that the plaintiffs had no title.

The alleged newly discovered evidence would not authorize a new trial. It is not necessarily inconsistent with plaintiff's testimony at the trial, and is of slight probative value, consisting merely of a deed dated in 1883, from Charlton G. Ogburn to I. F. Peebles, and a deed dated November 23, 1907, from I. F. Peebles to Mrs. S. A. Peebles, his mother, conveying an undivided one-half interest in the land in question, together with the certificate of the clerk of the superior court to the effect that the latter deed had been lodged with him for the purpose of being recorded. The Ogburn deed has been of record in Taylor county, Georgia, since 1883, and could easily have been discovered by the exercise of proper diligence prior to the trial. The deed from Peebles to his mother, given after the trial in the court below, is not inconsistent with the testimony delivered at the trial, to the effect that the deed of I. F. Peebles & Company to the property had been lost, and that the new deed was merely to take the place of the lost one. Furthermore, a proper notice to produce would have put the defendant in possession of the plaintiffs' muniments of

title, and would have enabled the defense now sought to be raised to have been presented at the former trial. This court is now thoroughly committed to the proposition that new trials will not be given to litigants who have exercised post mortem diligence only. *Murphy* v. *Meacham,* 1 *Ga. App.* 155 (57 S. E. 1046); *DeVane* v. *A., B. & A. R. Co.,* 4 *Ga. App.* 141 (60 S. E. 1079).

3. We have carefully considered each of the assignments of error and have examined the authorities cited in connection therewith, but find nothing to authorize the grant of a new trial.

*Judgment affirmed.*

### ON MOTION FOR REHEARING.

RUSSELL, J. It is proper, perhaps, that we should notice that ground of the motion for rehearing in which it is insisted that the judgment refusing a new trial should be reversed because of the error of the trial judge in directing the verdict; for the reason especially that it is for the jury to say in every case whether the proofs of loss are filed within a reasonable time. It is insisted that the court has overlooked the ruling in *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 626 (36 S. E. 822, 52 L. R. A. 70, 78 Am. St. R. 216), in which it is held that "it was a question for the jury whether a reasonable time for furnishing the proofs had elapsed between the date the fire occurred and the date that the proofs of loss were submitted." And it is argued that, as the question as to what was a reasonable time was not submitted to the jury in the present case, to uphold the error of the trial judge in directing a finding upon that point would be to attempt to reverse the decisions of the Supreme Court, and to permit judges to invade the province of the jury, thus opening wide the door to fact-finding judges. The fact that this court did not overlook the decision in the *Knight* case is evidenced by the fact that it is cited in the original opinion, as authority for our decision upon the point involved. We did not go very fully into the subject, because we apprehended that reference to the *Knight* case itself would dispense with the necessity of repetition of the views therein expressed. For this reason, in quoting from the *Knight* case that "what would be a reasonable time is to be determined by the particular facts of each case," we inserted as our own, after the word "facts," the words "and circumstances," instead of pursuing the text of the opinion in the *Knight* case, and quoting the remainder

of the sentence, holding that "in determining this question a valid stipulation in the policy, that no suit should be brought thereon after the lapse of a given time, should be taken into consideration." The reason why we say anything further at this time is in order that we may impress clearly our judicial judgment that all issues of fact are for the determination of the jury, and to point out that there is nothing in the decision in this case which contravenes this opinion, and nothing held in this case which is in conflict with our repeated rulings upon the same subject. So fixed is this rule in this court that we have universally held that, as a matter of strict law, the direction of a verdict in any case is error; but that it is harmless error and not reversible, if a different finding from that directed could in no view be supported. As has already been said in the opinion in this case, the verbiage of the stipulation in the policy in the *Knight* case upon the subject of proof of loss, and the stipulation in the policy now under consideration, are practically identical. Each policy requires that suit shall be brought within twelve months; and the policy issued and now contested by the plaintiff in error contains a proviso that proof of loss must be made within sixty days, just as did the policy considered in the *Knight* case. In the *Knight* case it appeared that proofs of loss, as in the present case, were not submitted until after the expiration of sixty days from the date of the fire. The *Knight* case was decided and the judgment of the lower court reversed upon another point; but in so far as the decision in the *Knight* case is controlling upon the point now before us, it was held that unless there was was an express stipulation to that effect, the mere failure to file proofs of loss within the period designated by the policy would not work a forfeiture, and that an express stipulation that failure to submit proofs within the time limited should forfeit the policy was required to effectuate that end. And the conclusion of the whole matter is that (varied by the peculiar facts and circumstances of each particular case) any time may be said to be a reasonable time for the filing of proofs of loss which would allow sixty days to elapse between the time of the submission of proofs and the commencement of suit within twelve months, as provided for by the policy. If we look only to the decision in the *Knight* case as precedent, and the contract in the present case be construed, as such contracts al-

ways should be, most strongly against the insurer, then it would perhaps have devolved upon the insurer to show that the time within which the proofs of loss in the present case were furnished was unreasonable. But if the insured carries the burden, as we think he should, of showing that the proofs of loss, though not submitted within the stipulated time, were filed within a reasonable time, what issue of fact upon the subject of reasonableness was there to submit to the jury, and wherein was the direction of the judge harmful to the plaintiff in error? There was no conflict in the evidence upon the subject. The insured promptly notified the company of the fire, and requested blank proofs of loss to be sent to them. The uncontradicted testimony shows that the company had these blanks, and that it was the custom of this and of other companies to forward the special blanks proposed by them to their patrons when fires occurred. The request of the insured in this case was treated wtih silent contempt. A second request met with a like fate. As it is a universal custom for these blanks to be forwarded, and as their request for the blanks was ignored, in the absence of any proof to the contrary, what inference could arise under the testimony except that the company waived the stipulation requiring the proofs of loss to be made within sixty days? It matters not whether the supposition was to be indulged that the company did not intend to pay the policy, or that it intended to pay the policy. The only reasonable inference which could arise from the neglect to comply with the request for the blank forms of proof of loss, which the company had prepared for the use of its patrons and had in wholesale quantities in its office, was that the company was not in any haste to adjust the claim, and, knowing that it had sixty days in any event after the receipt of proofs of loss before suit could be brought, was contented to let the proofs of loss be deferred to such later time as might suit the convenience of the insured. Is it conceivable that any jury of plain, honest men would find otherwise than that the insurance company's refusal and neglect to furnish a particular patron with as slight a thing as a mere blank proof of loss (with which it was supplied in wholesale quantites, and which it and all other insurance companies are accustomed to furnish, as prepared each for itself, whenever a fire occurs) was a waiver of the stipulation (which does not necessarily amount to a forfeiture), and that the time of

47

the proof of loss was waived? The case is very similar to that of *Merchants' and Mechanics' Ins. Co.* v. *Vining,* 67 *Ga.* 661 (1), and *German-American Ins. Co.* v. *Davidson,* 67 *Ga.* 1 (6). In the *Merchants' and Mechanics' Insurance Co.* case, supra, the court held: "Where the general agent of an insurance company refused to settle with a policy holder who claimed to have sustained a loss, until the termination of certain garnishment cases, and refused to fix either the liability or the amount thereof, alleging such garnishments as a reason, such conduct amounted to a refusal to pay and a waiver of preliminary proofs, at least during the pendency of the garnishment cases." And in discussing the case Chief Justice Jackson, says: "The important question in this case in respect to the charge of the court touching the refusal of the company to pay the policy, and thereby the waiver of the proof of loss, at least so far as not to defeat the recovery here because of the delay in making that proof, has been discussed and decided by this court this morning in the opinion pronounced by Judge Crawford, and hence it is unnecessary to do more than refer to that decision. It may be added to that argument that the terms of these two policies, both exactly alike, do not require the forfeiture of the policies, even if nothing equivalent to an absolute waiver had occurred; because the stipulation is that the company shall not be sued until sixty days after the proof of loss, and this suit has not been brought sooner than that time. But when a man absolutely refuses to settle with another until the termination of another suit, it would seem that such refusal to settle is an absolute refusal to pay until that time has expired; and as the proof was made in some two months afterwards to the general agent at Columbus himself, it is difficult to see how the defendant was hurt by any charge bearing on this point. The time when made is reasonable under all the facts, and it would have been a great wrong to allow the recovery to be defeated on such a point. A great wrong, or that which works a great wrong without some show of reason, can not be law."

In the *Knight* case, as we understand it, it is held, as a matter of law, that any time which allows the company sixty days, before the termination of the twelve months in which suit may be brought, to contest the justness of the claim, may be a reasonable time. There was, therefore, under the evidence, no issue of fact to sub-

mit to the jury upon the subject of reasonable time; but even if the Supreme Court had not ruled, as it has, upon the point, the uncontradicted evidence was such, we think, as to have permitted but one finding; and therefore, if there was an error on the part of the court in not submitting to the jury the determination of whether the proofs were submitted within a reasonable time, it was harmless, and not reversible error. Upon the authority of the *Knight* case and the *Merchants' and Mechanics' Insurance Co.* case, supra, as precedents, as a matter of law, the ruling of the trial judge was without error. Under the opinion of Chief Justice Jackson which we have quoted, the conduct of the defendant in the present case, in regard to the request for its forms of proof of loss, was subject to no other construction than that it waived the stipulation within sixty days. Whether it waived proofs of loss or not, the unusual course of the company in neglecting to forward its blanks to the plaintiffs upon their request caused the delay, according to the evidence; and the conduct of the plaintiffs in subsequently coming to Atlanta for the blanks, in the absence of any evidence introduced by the defendant upon this point, could, in our judgment, lead a jury to no other conclusion than that the proofs of loss, in such form as required by the contract of insurance, could not reasonably have been presented sooner than they were submitted.

Another point urged in the motion for rehearing, and to which we did not refer in the opinion, though it was not overlooked in reaching our decision, was the exception taken to the amendment of the plaintiffs, and the evidence thereunder in regard to the character of the house. As to this we need only say that, while the policy described the building as a brick building, and the evidence showed it to have been largely composed of concrete blocks, there was no error in the allowance of the amendment, or in the admission of the testimony in accordance with the amendment. It was not, as is insisted, a case where the company insured one building and is held liable for another, of an entirely different kind. No written application for a policy was made by the insured. The agent of the company who wrote the policy saw the building before the issuance of the policy, and knew it was largely constructed of concrete blocks. There was nothing to deceive him as to the character of the building; it spoke for itself, and his

knowledge was the company's knowledge. The company, therefore, had seen the building before they insured it, and knowingly and voluntarily assumed the greater risk, if a greater risk was in fact assumed. The amendment and the evidence were in accord with this undisputed state of facts.