## HAWKINS *v.* STUDDARD.

1. A ruling of the court in sustaining or overruling a demurrer, and in allowing or disallowing an amendment to pleading, can not be made the ground of a motion for a new trial; but direct exceptions should be filed to such ruling, if a review of it is to be had.

2. Where a petition was filed for specific performance of an alleged contract for the sale of land, claimed to be evidenced by a writing copied in the petition, to which a demurrer was filed, asserting that such contract was within the statute of frauds on specified grounds, and the court passed an order overruling such demurrer; *held,* that while such order stood unreversed it was proper for the court, on the trial, to overrule objections of the defendant to the admission of such writing in evidence, when such objections were on the same grounds on which the demurrer was based.

3. When one of the questions to be passed on by a jury is whether or not, at the time one of the parties to the case signed a writing, he was deprived of reason on account of being intoxicated; *held:* (*a*) That the acts and sayings of such party immediately before and after such time are admissible to illustrate such question. (*b*) That evidence that such party generally talked incoherently, had no consecutive thought, and was without business capacity while under the influence of whisky, was not admissible to be considered in determining such question.

4. Where a writing signed by an owner of land purported to evidence a contract of sale thereof, acknowledged receipt of part of the purchase-

money, and specified no time when the balance thereof was to be paid; *held:* (*a*) The legal import of such contract was that such balance was to be paid presently. (*b*) Evidence of a prior or contemporaneous parol agreement that such balance was to be paid at a subsequent definite time was not admissible to vary the legal import of the writing, that such payment was to be made presently.

5. Where a writing signed by an owner of land purported to evidence a contract of sale thereof, acknowledged receipt of part of the purchase-money, and specified no time when the balance was to be paid, the legal import of such contract was that the balance was to be paid presently, and a mere parol agreement between the parties to the writing, made subsequently to its execution and delivery, fixing a subsequent specific time for the balance to be paid, was not admissible to illustrate the time within which the balance was to be paid.

6. "A contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing and duly executed, can not be subsequently modified by a parol agreement."

7. "Mere non-action is not performance, either partial or complete, and will not, therefore, take a parol contract out of the statute of frauds."

8. The language used in the charge, quoted in the 8th division of the opinion, was not error requiring a new trial.

9. An assignment of error complaining of the admission or rejection of testimony over objections will not be considered when it does not appear that any objection was made at the time the testimony was offered.

Argued July 23, 1908.—Decided February 27, 1909.

Action for specific performance. Before Judge Lewis. Morgan superior court. December 2, 1907.

*Foster & Foster* and *George & Anderson,* for plaintiff in error.

*Samuel H. Sibley* and *Q. L. Williford,* contra.

HOLDEN, J. Defendant in error, Studdard, brought suit against the plaintiff in error, Hawkins, alleging among other things the following. Hawkins bargained to sell to Studdard, and Studdard agreed to buy from Hawkins, a tract of land in Morgan county, known as the Hanleiter place, which is fully described in the petition. The price agreed on was $15 per acre. In pursuance of and in confirmation of the sale, Studdard paid Hawkins $25, and Hawkins received it in pursuance of the sale and as part of the purchase-money. As a memorandum of the transaction, Hawkins executed and delivered to Studdard a writing as follows: "Received of John F. Studdard twenty-five dollars closing purchase of the Hanleiter place containing 187.6 acres one tract, and one 4 acres more or less, at $15 an acre. C. M. $\times$ Hawkins.
his — mark

Contract made and signed in presence of G. W. Oxford, N. P. and ex-off. J. P." Thereafter and in execution of the purchase, and within the time limited thereby, Studdard tendered to Hawkins $2849, remainder of the amount due on the purchase-money, and had a conveyance of the land prepared, but Hawkins declined to receive the money, or to execute a title to Studdard. No want of form was urged in the tender, and Studdard has at all times been ready and willing and has offered to pay the sum due. Hawkins has remained in possession of the land and has received the profits of the annual value of $500. Since the contract was made lands have increased in value. Studdard prayed that Hawkins be required to specifically perform the contract and execute to Studdard a title to the land, and that plaintiff recover possession of the land and mesne profits. Studdard filed to his petition an amendment, which was allowed, wherein he made substantially the following allegations: On the afternoon of the day of the sale, the same being a reasonable time thereafter, and Studdard being ready and willing to pay Hawkins the balance of the purchase-money, Hawkins stated he had arranged to cultivate the land the current year, and suggested that payment be deferred until December 1st. Acting on this request and suggestion, Studdard, on December 1, 1905, the same being a reasonable time, tendered Hawkins the full amount of the purchase-money and a conveyance for execution. Hawkins is estopped to deny that December 1st was a reasonable time within which to make the tender. The land is worth $25 per acre. Studdard prayed, if the contract should not be specifically performed, that damages be awarded. Upon the trial a verdict was rendered in favor of the plaintiff for specific performance; whereupon a decree was rendered requiring Hawkins to specifically perform his contract set forth in the pleadings, by forthwith conveying to the plaintiff the premises described in the petition, upon the payment by Hawkins to Studdard of the remainder of the purchase-money, to wit, $2849. Hawkins made a motion for a new trial, and to the order of the court denying the same he filed exceptions.

1. The original motion for a new trial filed by the defendant had in it, in addition to the usual grounds, several grounds wherein complaint was made that the court committed error in overruling demurrers filed by defendant to plaintiff's original petition, and

in allowing, over defendant's objection, amendments to plaintiff's petition, and in refusing to allow defendant to make certain amendments to his answer. Exceptions to the allowance of amendments over objections, and to a judgment overruling a demurrer, can not properly be made the ground of a motion for a new trial. *Gillis* v. *Powell,* 129 *Ga.* 403 (58 S. E. 1051). It has also been ruled by this court that an exception to the refusal to allow an amendment to a plea can not be made the ground of a motion for a new trial. *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587). In the trial of a case there are two distinct processes: one is the ascertainment of the main issues to be tried, and the other is the trial of these issues. The main issues are made by the pleadings, and the making of these issues does not properly relate to the trial itself. The rulings of the court in sustaining or overruling a demurrer, and in allowing or disallowing an amendment to pleading, can not be made the ground of a motion for a new trial; but direct exceptions should be filed to such rulings, if a review of them is to be had. We can not, therefore, consider the special grounds above referred to in the original motion for a new trial, no exceptions having been filed to the rulings complained of, so far as disclosed by the record.

2. One of the grounds of the motion for a new trial is that the court erred in admitting in evidence, over movant's objection, the receipt set out in the petition, a copy of which receipt is as follows: "Rutledge, Ga., April 15, 1905. Received of John F. Studdard twenty-five dollars, closing purchase of the Hanleiter place containing 187.6 acres one tract, and one 4 acres more or less, at $15 an acre. C. M. $\overset{\text{his}}{\underset{\text{mark}}{\times}}$ Hawkins. Contract made and signed in presence of G. W. Oxford, N. P. and ex-off. J. P." One objection urged was that plaintiff's evidence shows, as contended by movant, that one essential element of the sale is wanting in this contract as written, in that it specifies no time for the payment of the purchase-money. A copy of the receipt was set forth in plaintiff's petition, and to the paragraph wherein it was set out the defendant filed a special demurrer, praying that this paragraph be stricken because the receipt set out therein "does not specify the time in which, or at which, the balance of the pur-

chase-money was to be paid." This demurrer was overruled, and the order overruling the same was unreversed at the time the defendant made objection to the introduction of the receipt in evidence. The defendant is concluded by this ruling of the court. *Richmond Mills* v. *Telegraph Co.*, 123 *Ga.* 216 (51 S. E. 290); *Sims* v. *Ga. Ry. & El. Co.*, 123 *Ga.* 643 (51 S. E. 573); *Cross* v. *Coffin-Fletcher Co.*, 123 *Ga.* 817-820 (51 S. E. 704). If the court had sustained defendant's objection to the introduction of this receipt in evidence on the ground that it failed to specify the time when the balance of the purchase-money was to be paid, this ruling would have been the reverse of the ruling made in the order overruling the demurrer based on this ground. Whether or not this was a good objection can not be considered. Another objection to the admission of the receipt in evidence was "that part of the contract rested in parol, and that the plaintiff had admitted in his testimony that the receipt did not contain all of the agreement." There is nothing in the petition to indicate that part of the contract rested in parol; and the evidence of the plaintiff was not such that the court could say that he had admitted that part of the contract was in parol. The plaintiff, in one part of his testimony, did testify that his whole contract with Hawkins was not put in writing, that part of the contract remained in parol, and that the time fixed for the payment of the balance of the purchase-money was part of the contract and was not put in the writing. Immediately after giving this testimony, however, he testified that the agreement as to when the balance of the purchase-money was to be paid, and to which he referred, was finally made after the receipt was signed, and that "no part was omitted from the contract that we had agreed upon before the contract was made." The court could not say, as a matter of law, that the plaintiff had admitted that part of the contract was not in writing, and on this ground refuse to permit the receipt to be introduced in evidence.

3. Another ground of the motion is as follows: "Because the court erred in this, to wit: Defendant's counsel moved to rule out of evidence the testimony of the plaintiff as follows: 'We agreed that the money was to be paid some time in December, and after the paper was signed we agreed that it was to be the first day of December. The agreement as to the payment of the money was that it was to be paid some time in December, and we

agreed to that before Oxford wrote the contract, and further move to rule out the testimony of the plaintiff that after the receipt was signed he and movant agreed that he was to pay no more interest on the money and movant to pay him no rent on the land." One of the grounds of defense set up by the defendant was that at the time the writing was signed he was incapacitated to make a contract, by reason of his drunken condition, then known to the plaintiff. Much evidence was introduced upon this issue, and it was submitted to and passed on by the jury. The evidence shows that the agreements referred to in plaintiff's testimony were made a short time before and a short time after the writing was signed; and this testimony as to agreements made by the plaintiff a short time before and a short time after the writing was signed was admissible to illustrate the question as to whether or not, at the time the writing was signed, the defendant was deprived of reason on account of being intoxicated, and whether or not this condition, if the defendant was then in this condition, was known to the plaintiff. When an issue is to be passed on by a jury, involving the question as to whether or not a party was deprived of reason on account of being intoxicated at a particular time, the sayings and acts of such party immediately before and immediately after such time would be admissible to illustrate the question to be decided. In view of the issue above referred to being one necessary to be passed on by the jury, we think the court properly admitted the testimony referred to. Even if it was the duty of the court on request, at the time the evidence was admitted, or in his charge to the jury, to inform the jury that the evidence should not be considered in determining other questions involved in the case, this would not make it the duty of the court to exclude the evidence when it was admissible for the purpose stated.

The movant complains that the court committed error in excluding testimony offered by him, of several witnesses, to the effect that Hawkins, when drinking, had no consecutive thought and no business capacity, and talked incoherently. We think the court committed no error in excluding this testimony. One of the grounds to be passed on by the jury was whether or not Hawkins, at the time of signing the writing, was deprived of reason on account of being intoxicated, and evidence of witnesses as to the general effect of intoxication on the mind of Hawkins was not admissible.

4. Movant further complains that the court committed error in ruling that the evidence of statements made by the parties prior to the signing of the receipt, that the balance of the purchase-money should be paid in December, was not to be considered by the jury as evidence to show what was the contract between the parties; and says that this ruling was error, because this evidence was admissible to show that part of the contract was in writing and part in parol, and that therefore the contract was within the statute of frauds. Studdard testified that it was a part of the contract that the balance of the purchase-money was to be paid December 1st, and that this was omitted from the writing. He afterwards said in his testimony that this was not true. The writing signed by Hawkins specified no time in which the balance of the purchase-money was to be paid. The law implies that the parties were dealing on a cash basis, and the legal import of the agreement is that the balance of the purchase-money was to be paid presently. Where there is a writing evidencing a sale of real property, and part of the purchase-money is paid, and no time is specified for the payment of the balance of the purchase-money, the legal import is that it was in the contemplation of the parties that the balance of the purchase-money was to be paid presently. In 1 Greenleaf on Evidence, §277, it is said: "Thus, where no time is expressly limited for the payment of the money mentioned in a special contract in writing, the legal construction is that it is payable presently." Also, in this connection, see Peck v. Ashurst, 108 Ala. 429 (19 So. 781); Angel v. Simpson, 85 Ala. 53 (3 So. 758); Smith v. Jones, 7 Leigh, 165 (30 Am. Dec. 498); Civil Code, §3700. The law does not construe the contract to be for the payment of the balance of the purchase-money instantaneously, but to mean that such payment is to be made forthwith, or presently. This provision which the law imports into the contract, just as any provision expressed therein, is to receive a reasonable interpretation. In order to comply with the provisions of the contract there must be a substantial compliance. A substantial compliance with the provisions of the contract would not necessarily mean that the payment of the balance of the purchase-money was to be made on the spot and without any delay whatever. In this connection see Sawyer v. Perry, 88 Me. 42 (33 Atl. 660); DuBois v. Spinks, 114 Cal. 289 (46 Pac. 95); Inman v. Barnum, 115 Ga.

117, 119 (41 S. E. 244). Interest on such balance would begin when payment should be made under the contract. Whether or not upon a tender of such balance, and interest thereon, within a reasonable time after it became due, a court of equity would grant relief to a party, is not before the court for consideration. The legal import of the writing being that the balance of the purchase-money was to be paid by Studdard presently, could evidence be introduced of a parol agreement contemporaneous with the execution of the writing, to show that a subsequent definite time was agreed upon? Where no time for performance is specified, with respect to the payment of the balance of the purchase-money in a writing signed by an owner of land, purporting to evidence a sale thereof and acknowledging receipt of a part of such purchase-money, the law imports that such performance shall be had presently; and this is as much a part of the contract as though it were expressly written therein that payment was to be made presently. If it was expressly stated in the contract that payment was to be made forthwith, or presently, certainly parol evidence would not be admissible to show an agreement that such payment should be made at a subsequent time. The legal effect of this contract was that payment was to be made presently, and parol evidence was not admissible to vary or contradict such legal effect by showing a prior or contemporaneous agreement that payment was to be made within a subsequent definite time. An agreement to make *one* fixed time *another and different* time is an agreement to alter and vary the contract; and this can not be done by a prior or contemporaneous parol understanding. In this connection, see *Central R. Co.* v. *Hasselkus,* 91 *Ga.* 382 (17 S. E. 838, 44 Am. St. R. 37); *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28); Peck *v.* Ashurst, 108 Ala. 429 (19 So. 781); 29 A. & E. Enc. Law, 825, 873. Also see 1 Gr. Ev. §277, where the following text is employed: "Thus, where no time is expressly limited for the payment of the money mentioned in a special contract in writing, the legal construction is, that it is payable presently; and parol evidence of a contemporaneous parol agreement, for the payment at a future day, is not admissible." We do not think evidence of a parol understanding at the time the writing was signed, that the balance of the purchase-money was to be paid on December 1st, was admissible, because it tended

to vary and contradict the writing. We do not think, therefore, that the court committed any error in ruling that the evidence of statements made by the parties prior to the signing of the writing, that the balance of the purchase-money should be paid in December, should not be considered by the jury to show that it was a part of the contract between the parties that such balance should be paid in December, nor was any other parol evidence of a prior or contemporaneous understanding admissible for this purpose.

5. Complaint is made of the ruling of the court as to the effect of the evidence of negotiations between the parties subsequently to the signing of the writing. The evidence referred to was the evidence of the plaintiff, and is as follows: "We agreed that the money was to be paid some time in December; and after the paper was signed we agreed that it was to be the first day of December. The agreement as to the payment of the money was that it was to be paid some time in December; and we agreed to that before Oxford wrote the contract." The statement by the court as to his ruling complained of is as follows: "As to the evidence of subsequent negotiations to the execution of the writing, the ruling was: 'That testimony does [not] in the slightest add to, modify and vary the written contract. Under that contract, as I have already construed it a number of times in the progress of this case, the balance of the purchase-money was due within a reasonable time after the execution of the contract, and a tender made within a reasonable time after the execution of the contract is a legal tender. This evidence is pertinent and relevant as illustrating whether or not the tender made in December was made in a reasonable time. In order to settle this question the jury will have to take into consideration every fact in the case—as to what constitutes a reasonable time is a question for the jury, and this evidence I take it is admissible for that purpose.'" Was the following evidence of the plaintiff, referring to the time the balance of the purchase-money was to be paid: "after the paper was signed, we agreed that it was to be the first day of December," admissible, as stated by the court in his ruling, "as illustrating whether or not the tender made in December was made in a reasonable time"? As stated in a previous ruling of the court made in this opinion, it was the legal import of the contract that the balance of the purchase-money was to be paid presently. The ruling of the trial court

that it was to be paid within a reasonable time was therefore error. The testimony that after the writing was signed it was agreed that the balance of the purchase-money was to be paid the first of December was not admissible to illustrate when this balance was to be paid.

6. Complaint is made that the court erred in its ruling, in regard to the testimony in reference to negotiations subsequent to the signing of the writing, "that testimony does [not] in the slightest add to, modify and vary the written contract." There is no merit in this exception to the ruling of the court. In the case of *Augusta Southern R. Co.* v. *Smith & Kilby Co.,* 106 *Ga.* 864 (33 S. E. 28), it was ruled: "A contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing, can not be subsequently modified by a parol agreement." The contract under consideration, being one in reference to the sale of land, under the statute of frauds is required to be in writing, and, under the ruling above referred to, it could not subsequently be varied or modified by a parol agreement. The agreement referred to and made subsequently to the writing rested entirely in parol, and the court properly ruled that it was not admissible for the purpose of varying or modifying the writing. See *Willis* v. *Fields,* ante, 242 (63 S. E. 828).

7. The facts appearing in the record are not such as to make the parol agreement binding within itself. It was entirely in parol, and related to land and to the previous writing undertaking to evidence a contract in regard to the sale of land. Nothing was done to take the parol agreement out of the statute of frauds. The fact that the defendant, Hawkins, permitted the plaintiff to keep the money without interest, and that the plaintiff permitted the defendant Hawkins to keep the land without rent, and the fact that Studdard failed to pay the purchase-money until the time fixed in the agreement, would not take the parol agreement out of the statute of frauds. In the case cited supra it was held: "Mere non-action is not performance, either partial or complete, and will not, therefore, take a parol contract out of the statute of frauds." We find, upon an examination of the record in the case cited supra that the facts were very similar to the facts in this case. The plaintiff in this case did nothing except rely upon a void parol agreement.

8. One ground of the motion for a new trial is that "the court erred in charging the jury as follows: 'These negotiations resulted in a writing which was signed by Hawkins and delivered to Studdard. This writing, which is the basis of this suit, is a sale of a tract of land of so many acres described as the Hanleiter place, at a stipulated price of $15 per acre.'" One of the objections to this charge is that the writing stipulated no·time when the purchase-money was to be paid. This is not a good objection, for the reason previously stated: that this position was taken by the defendant in a demurrer, and the order overruling the demurrer stands unreversed and to the same no exceptions pendente lite were taken. Another objection to this charge by movant was that the writing was not a sale of land, because it described no land. It was a question for the jury to determine, under the evidence, whether or not the description of the land in the receipt was such that by the aid of extrinsic evidence it could be located and identified with reasonable certainty. It was the duty of the court to construe the writing, and we can not say that by the charge complained of the jury were probably misled into the belief that they should find that there was a valid and enforceable contract of sale, regardless of the evidence on the issue above referred to; especially in view of the fact that it is to be presumed that the court correctly charged the jury that the plaintiff could not prevail if, under the evidence, this issue was determined in favor of the defendant. This ruling controls the assignment of error in the 14th ground of the motion for a new trial.

9. The 15th, 16th, and 17th grounds in the amendment to the motion for a new trial complained that the court erred in admitting specified evidence. It does not appear, however, from either of these assignments of error that objection was made to the admission of the evidence at the time it was offered. So far as disclosed by these assignments of error, the court below never passed upon the question as to whether or not this evidence was admissible. It not appearing that any objection was made to the admission of the evidence, under the repeated rulings of this court these assignments of error are such that they can not be considered. However, nearly all of the rulings sought on these assignments of error are covered by rulings we have made in passing on other assignments of error.

*Judgment reversed. All the Justices concur.*