## 3333.  ACME BREWING COMPANY *v.* RAHR SONS COMPANY.

The contract was entire. There was no offer or attempt to return any of the malt, but on the contrary a deduction for deficiency in quality was accepted by the purchaser, and the malt put to his own use; consequently the purchaser estopped himself from rescinding the contract. The facts as stated by the pleadings are practically and substantially identical with those in *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50), and the decision of the Supreme Court in that case is fully controlling; so there was no error in striking the defendant's answer, nor in thereafter entering judgment for the plaintiff.

DECIDED FEBRUARY 24, 1912.

Complaint; from city court of Macon—Judge Hodges. March 13, 1911.

*Ellis & Jordan,* for plaintiff in error.

*Hardeman, Jones, Callaway & Johnston,* contra.

RUSSELL, J.  According to the allegations of the petition, the defendant entered into a contract by which it agreed to purchase 10,000 bushels of malt from the plaintiff, at $1.05 per bushel, "f. o. b. Macon," which was to be ordered out by the defendant until all of it should be taken before October 1; and each shipment was to be paid for by the defendant within 30 days from the date of the shipment. The defendant ordered out, and the plaintiff shipped, at various times, in four shipments, about 8,000 bushels of the malt, and the defendant paid for it. The petition alleged that the plaintiff was willing and offered to deliver to the defendant the balance—about 2,000 bushels—not theretofore ordered out, and requested the defendant to accept it and pay the agreed price therefor, but it was alleged that the defendant would not accept the remainder of the malt, and that thereupon the plaintiff, after giving notice to the defendant, sold it at its market price, on the defendant's account. This suit was brought to recover the difference between the amount received from the sale of the undelivered portion of the malt contracted for and the contract price at which it had been sold to the defendant. Various letters and telegrams constituting the contract were set out in the petition and attached thereto. The defendant in its answer admitted the correspondence constituting the contract, and that it had agreed to accept the malt as alleged by the plaintiff, and had refused, when requested, to order out the last shipment, or to accept or pay for it. The an-

swer put the plaintiff upon proof of some of the allegations as to the sale of the malt on the defendant's account, but, as the matters dealt with in these portions of the petition are largely matters of calculation, and as no point is made upon this in the brief, the only real question turns upon whether the defendant's plea sets up any valid reason why the defendant should be relieved from the obligation of the contract admitted by it. The affirmative defense which the brewing company sought to interpose set up that out of an order of 10,000 bushels of malt, to be delivered between May and October, 7,979 bushels had been ordered out in several shipments, for which the defendant paid the plaintiff the contract price. Each of the shipments contained malt inferior in kind and quality to that contemplated by the contract, due to the presence of unreasonable quantities of trash and screenings in every shipment. Upon notification of this fact the plaintiff made allowances to the defendant on each of the several shipments, to cover the trash and screenings, which are fully set forth in an exhibit attached to the answer. The defendant notified the plaintiff several times prior to the time when the last shipment should have been ordered out that it refused to order forward any further shipments, for the reason that the plaintiff had failed to comply with its contract, in that the several shipments already made by it did not contain first-class screened malt, free from trash and screenings. The defendant pleaded that by reason of the several breaches of the contract by the plaintiff, the contract was abrogated. On demurrer the court struck the answer, and thereafter entered judgment against the defendant. Exception is taken to both of these rulings.

It will be seen, from the above statement, that there was no rejection of any of the malt actually shipped, nor any complaint of the quality of the malt, though the defendant claims deductions for a certain number of pounds of trash and screenings on each shipment, which were allowed by the plaintiff. As the finding for the plaintiff, after the striking of the defendant's answer was inevitable, and the exception to the action of the court in "rendering final judgment on pleadings from which the material defense of defendant, now and here plaintiff in error, had been stricken on demurrer," was sufficient, to comply with the ruling in *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047), the only question presented to this court is the one presented by the

exception to the ruling upon the demurrer. In view of the admission of the defendant that the contract was made, and that four shipments were made under it, for which it paid the purchase-price, the main question was whether, under the facts stated, the defendant had rescinded or could rescind the contract. The facts in the present case are practically and substantially identical with those in *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (55 S. E. 50), and the decision of the Supreme Court in that case properly controlled the judgment of the trial judge. Practically the only difference between the two cases is that the case cited concerned a shipment of corn, and not of malt, and the period within which the shipments were to be made was different from that in the case at bar. "Where there was a contract of sale of corn and a portion was delivered, paid for, and used by the purchaser, he can not rescind the contract upon the ground that the quantity received and accepted by him was inferior in quality to that stipulated in the contract." *Henderson Elevator Co.* v. *North Georgia Milling Co.,* supra. See, also, *Miller* v. *Moore,* 83 *Ga.* 684 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329) ; Cohen *v.* Platt, 69 N. Y. 348 (25 Am. R. 203).

The learned counsel for the plaintiff in error, in support of his contention that the delivery of inferior malt was a breach of the contract, and that the Acme Brewing Company was entitled to treat the breach as a discharge from further performance of the terms of the contract in every particular, cites the case of *Harden* v. *Lang,* 110 *Ga.* 394 (36 S. E. 100). It will readily be observed, however, that in the *Harden* case the principle is distinctly announced that when a breach is occasioned, and the purchaser desires to rescind the contract, he must not only notify the opposite party, but he must return the articles he has received, and Judge Little, in delivering the opinion, says: "When, after such breach, he not only retains the articles received, but puts them to his own use and notifies the seller he has purchased elsewhere the part of the machinery contracted for but not delivered, this is equivalent to an election to abide by the terms of the contract, and he thereafter holds under those terms the articles received." This principle is adverted to in the *Henderson Elevator Company* case, supra. In that case the defendant had used the corn. The defendant in the present case used the malt. It could not return it. It did not offer

to do so; and, as was said by Judge Bleckley in *Summerall* v. *Graham*, 62 *Ga.* 729: "Restitution before absolution is as sound in law as in theology." The plaintiff in error relied also upon the decisions of this court in *Gude* v. *Bailey Co.*, 4 *Ga. App.* 230 (61 S. E. 135), and *Cincinnati Glass Co.* v. *Stephens*, 3 *Ga. App.* 766-768 (60 S. E. 360). Neither of these cases is in point. The facts in each case clearly distinguish it from the case at bar, and in each case the ruling turns largely upon the fact that the facts were such as to authorize the inference that there was a novation. There was no error in sustaining the demurrer and striking the defendant's plea.

<em>Judgment affirmed. Pottle, J., not presiding.</em>