### 7542. PALACE MARKET CO. *v*. MIDLAND CITY HOTEL CO.

The evidence is sufficient to support the finding of the presiding judge, who by consent tried the case without a jury, and no error of law appears.

> DECIDED JANUARY 23, 1917.

Complaint; from city court of Macon—Judge Hodges. May 1, 1916.

*Ryals & Anderson,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston,* contra.

GEORGE, J. The Midland City Hotel Company filed suit in the city court of Macon against the Palace Market Company, upon a written subscription to capital stock in the plaintiff corporation. The case, on all questions of law and fact, was submitted by agreement to the presiding judge, sitting without a jury. The court rendered a judgment against the defendant for the full amount sued for. Three mixed questions of fact and law were involved in the case, to wit: (1) Did the secretary and treasurer of the Market Company, on the facts in this case, have authority to execute the contract of subscription? (2) Is the Market Company, on the facts of this case, released from liability on its subscription, if in the first instance binding, because of the decision of the court releasing certain subscribers whose subscriptions were necessary to make up the minimum stock authorized by the charter of the plaintiff corporation, and because certain other subscribers were resisting payment of subscriptions to the capital stock in the plaintiff corporation, and because one subscription was payable in

material? (3) Did the presiding judge err in sustaining the demurrer to the allegations of the amended answer of the Palace Market Company, setting up that its subscription was a donation and not an investment? The presiding judge found in favor of the plaintiff upon each of the controlling issues stated in questions 1 and 2, and there is evidence to support his finding, and the same is not contrary to law.

The assignment of error on the ruling of the trial judge in sustaining the demurrer to the defendant's answer, set out in the third question, is not presented by exception pendente lite, or by direct exception timely made, and can not be considered. *Hawkins v. Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*