INSURANCE COMPANY *v.* CRUNK.

(*Nashville.*　March 19, 1892.)

1. SUPREME COURT. *Passes upon errors of law, but not upon facts, without motion for new trial.*

Supreme Court will, upon appeal of a law case, pass upon alleged errors of law, but not upon the sufficiency of the evidence to support the verdict, although no motion for new trial was entered in the lower Court, or was there waived by uniting it with motion in arrest of judgment.

Cases cited and approved: Snapp *v.* Moore, 2 Overton, 236; Wells *v.* Mosely, 4 Cold., 405; Mumford *v.* Railroad, 2 Lea, 397; Morgan *v.* Bank, 13 Lea, 239.

2. FIRE INSURANCE. *Averments in declaration in suit for loss.*

In suit for loss upon fire policy containing the provision that "if the building or any part thereof fall except as the result of fire, all insurance by this policy on such building shall immediately cease," it is not essential that plaintiff aver in his declaration the negative of said provision.

3. SAME. *Construction of exemption clauses in policy. General rule.*

Doctrine re-affirmed and illustrated that ambiguous clauses in a fire policy will be construed most strongly against the insurer and in favor of the indemnity of the insured.

4. SAME. *Construction of exemption clause as to falling of building.*

Under the clause in a fire policy providing that the insurance shall immediately cease "if the building or any part thereof fall except as the result of fire," the insurer is not exempt from liability, where part of the insured building is blown down just before the remainder is destroyed by fire, unless the part blown down constitutes such material and integral part of the whole, that without it the insured property has lost its original and distinctive character.

5. SAME. *Same. Charge of Court.*

And in a case where parts of an insured building had fallen before the remainder was destroyed by fire, it is not error for the Court, after stating correctly the general proposition construing said clause, to illustrate his meaning by saying to the jury that the case made by certain phases of the evidence was not within the exempting clause. That is no invasion of the jury's province.

## FROM LINCOLN.

Appeal in error from Circuit Court of Lincoln County. M. D. SMALLMAN, J.

W. B. LAMB and J. D. TILLMAN for Insurance Company.

J. H. HOLMAN & CARTER for Crunk.

SNODGRASS, J. The defendant in error brought this suit against The London and Lancashire Fire Insurance Company to recover for loss sustained by fire, which destroyed his buildings, insured by said company.

The policy contained a clause providing that, "if the building or any part thereof fall except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

There was no averment in the declaration that

the building insured and no part thereof fell except
as the result of fire, and the defendant demurred
because of the failure of plaintiff to make such
averment.    The demurrer was overruled.

Pleas were filed denying liability, and the case
was tried on the merits, resulting in a verdict and
judgment in favor of plaintiff for $1,828.75; and
defendant appealed, and assigned errors of fact
and law.

Before proceeding to consider such of these as
are deemed material for consideration, we notice
an objection of defendant in error that plaintiff
cannot avail himself of objections assigned, because
there were no proper motions made below for a
new trial and in arrest of judgment, the entry of
record on that subject being that "the defendant
moved the Court for a new trial and in arrest of
judgment, which *motion* was by the Court over-
ruled," and the point made on it here that this
was but one motion, and that a motion for a new
trial could not have been entertained at the same
time with a motion in arrest, and that a motion
in arrest, thus made, waives a motion for a new
trial, citing *Snapp* v. *Moore*, 2 Overton, 236, where
this position was taken *arguendo*, but doubtless
correctly by Judge Overton, delivering the opinion
of the Court.

But in the view we take of it, this is imma-
terial.    It would only affect the right of defendant
to object here, as plaintiff in error, that the evi-
dence did not sustain the verdict, because, as to

errors of law, he needed no motion for a new trial to authorize a correction of errors on appeal. 4 Coldwell, 405; 2 Lea, 397; 13 Lea, 239.

And as there was evidence before the jury to sustain the verdict, it does not matter whether plaintiff in error could not now make the question, because, if he could it would be ineffectual, as the verdict would not be disturbed upon the facts.

Passing this, therefore, we proceed to questions made and deemed essential to be noticed.

The first alleged error is the action of the Circuit Judge on the demurrer.

The declaration was not defective for want of averment omitted. It is not necessary that it should have averred the performance or non-performance of conditions subsequent; nor to have negatived prohibited acts or excepted risks. May on Ins., Sec. 590.

The second and last error we notice here (though all others assigned have been considered and disposed of in consultation of the Court), is as to charge of the Court upon construction and effect of this provision of the policy.

Before the fire destroyed the insured building, it had been visited by a cyclone. It was a two-story building, with a portico in front, and what is designated as an "ell" addition in the rear. This was one story. The roof of the two front upper rooms had been blown away, the rafters, ceiling, and parts of walls remaining.

But there was evidence tending to show that

before this, some fire had been blown out on the floor by a current of air passing through a room, which was the probable cause of the burning of the building subsequently consumed, after the roof, etc., had been blown away or fallen in upon the fire. This was evidence sufficient to justify the verdict that the fire commenced before the fall of any part of the building. Of course, if it commenced before the fall, though the entire building fell subsequently, the insurance company would be liable. May on Ins., Sec. 401.

The defendant company insisted, however, that the evidence showed that the fire commenced after the roof, etc., were blown away, and there was evidence tending to show this. It also insisted that a window or window-light was first blown out, and through this the air-current had been admitted, which blew fire out into the room, if any was so blown; and hence, a part of the building had fallen before the fire, and the policy ceased, by its terms, before the fire started.

The question thus presented, upon facts and proper construction of the policy, is made in objection to the charge of the Court, which, on this point, was as follows: "The exclusion clause in question is not to be literally understood so as to avoid the policy if an atom or some minute portion of the material in the insured building should fall. It means some functional portion of the structure, the falling of which would destroy its distinctive character as such. So that, if the proof

in this case shows that the roof was blown from a part of one of the buildings mentioned in the policy sued on (there being two buildings in the policy), and one of the upper rooms was uncovered and the walls thereof partially blown away, but leaving more than three-fourths of the building intact, and suitable for a dwelling-house, and that in this condition it was burned, the clause in the policy as to the falling of the building or any part thereof, would not exempt defendant from liability, if otherwise liable, as before explained, unless you should believe, from the proof, that the falling was the direct cause of the fire. If the proof shows that the fire was scattered over the floor in one ·of the rooms of one of the insured houses by the wind; that some of it ignited the carpet or some of the furniture in the room, and a strong wind blew the roof and a portion of the building upon it, and, after smoldering a time, ·it broke out and consumed the building; that the wind, and not the falling of the building or a part thereof, caused the fire; that the fire,· and not the falling of the building, was the proximate and direct cause of the loss, you should find for plaintiff, if defendant is otherwise liable, as before explained."

Defendant in error objects to this upon several grounds:

*First.*—That it is law only in case of a contract where the condition is as to the "falling of the building" *entire.*

This is an erroneous view. The Circuit Judge

drew the correct distinction. The falling of "any part" of a building in such a contract manifestly could not apply to any minute or fragmentary portion, as it might literally import. If so, the clause would be void as unreasonable, and defeating, without merit, the contract for indemnity. It cannot have such a technical or literal construction. Literalism being disregarded, the clause must have a fair and reasonable interpretation and construction, and that which is most favorable to indemnity—the object of the contract. Not having a literal meaning, and not definitely designating what material part of the building must fall before the fire to exempt the insurer from liability, it must, like all ambiguous clauses, be construed most favorably to indemnity, and against the insurer. It should, therefore, not have been construed as meaning any fragment or portion of a part of the building, but an integral part of the entire building, as was done by the Circuit Judge.

*Second.*—It is next objected to this, that after construing this clause, the Circuit Judge told the jury that if the roof was blown from "one of the rooms," etc., this would not be a falling of any part within the meaning of the policy, and that this was erroneous, because, first, it limited the facts to the blowing off of the roof of *one* room, whereas, the roof of *two* was blown off, etc.

This was error in defendant's favor. It left the jury to infer that if the roof was blown from two rooms, or more damage was done, it might be such

a falling as the contract contemplated; whereas, in fact, it would not have been, under the proper construction he had already given.

Again, it is said this was an invasion of the right of the jury to determine as a fact what part of the building falling might be within the clause.

This objection is not well taken. The Judge tells the jury what construction the contract must have, and illustrates by stating such a condition as would not be within his meaning or definition or construction. If his construction was right, he was right in eliminating, by statement, such a blowing off of the building as would or would not be within it. It is not telling the jury on a controverted question what the facts were or how to find them; it is a statement to them that certain facts, being true or proven, will not bring the case thus proven or assumed within the construction the Court gives the contract.

On the whole case, we are satisfied with the judgment, and it is affirmed with cost.