MARTIN WIIG, APPELLEE, V. GIRARD FIRE & MARINE IN-
SURANCE COMPANY, APPELLANT.
MARTIN WIIG, APPELLEE, V. AMERICAN INSURANCE COMP-
ANY, APPELLANT.

FILED SEPTEMBER 22, 1916.   Nos. 18781, 18782.

Insurance: POLICY: CONSTRUCTION. A policy of insurance contained
the provisions: "Lightning Clause. This policy shall cover any
direct loss or damage caused by lightning, * * * meaning thereby
the commonly accepted term lightning, and in no case to include
loss or ·damage by cyclone, tornado or wind storm." "If a build-
ing or any part thereof fall, except as the result of fire, all in-
surance by this policy on such building or. its contents shall im-
mediately cease." The insured frame building had been struck by
lightning and had begun to burn when all of the edifice above the
floor of the first story was lifted by a tornado and deposited about
200 feet away, where it continued to burn until wholly destroyed.
*Held*, that the fallen building clause did not apply, and that the
insurer was liable.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Stout, Rose & Wells,* for appellants.

*Byron G. Burbank* and *E. R. Leigh, contra.*

LETTON, J.

Action on policy of fire insurance. Plaintiff recovered.
Defendant appeals. The policy contains the following
provisions; "Lightning Clause. This policy shall cover
any direct loss or damage by lightning, * * * meaning
thereby the commonly accepted term lightning, and in no
case to include loss or damage by cyclone, tornado or
wind storm." "If a building or any part thereof fall, ex-
cept as the result of fire, all insurance by this policy on
such building or its  contents shall immediately cease."

The answer denies that the building was destroyed or
damaged by fire or lightning, and alleges that it "was
blown down and totally destroyed by tornado and wind

on the 23d day of March, 1913, so that the said building fell, not as a result of any fire, but solely as a result of said tornado and wind; and there was no loss or damage by fire or lightning to said building prior to the time that the said building was blown down." It is also alleged that the insurance immediately ceased the moment the building fell.

A motion was made at the close of the testimony for a peremptory instruction directing the jury to find for the defendant. This was overruled, and this action is assigned as error. Defendant insists that the evidence shows conclusively that the building did not fall as the result of fire and lightning, but did fall as the result of the tornado; that the defendant's liability under the policy was limited to the damage done by lightning and fire before the building fell; that the plaintiff failed to show the amount of this damage, and that, therefore, there was no evidence upon which a verdict for any amount could be rendered.

A witness was standing at the south window of the kitchen in a restaurant which she and her husband conducted in the village of Ralston. The insured building stood about 100 feet away in a southwesterly direction. While standing there, she saw lightning strike the insured building and saw smoke and flame come from it. She remained at the window scarcely a moment, then went into the dining room, and the next thing of which she was conscious, was that she was sitting in a pile of rubbish, a tornado having struck and wrecked the house. She was severely injured, and was unable to tell how long she had been unconscious. Other testimony showed that all the buildings nearby were torn down and wrecked by a tornado. The superstructure of the insured building was blown away down to the lower floor. It seems that the upper part of the store building was carried by the wind about 200 or 250 feet north and totally consumed by fire. Part of the walls were standing at that place so that one could have gone inside if it had not been on fire. There

was no fire at that time at the original site. No other building in the village was burned.

The jury found specially that the building was struck by lightning and was on fire before its destruction by the tornado; that the fire that consumed the portion on the hill was the same fire, and that the building was wholly destroyed thereby.

It is undisputed that the building was set on fire by lightning and that this fire continued until it was consumed. If the building had remained upon the original site and had there burned down, defendant would have been liable. Does the fact that after the fire began the building was removed a short distance by *vis major* operate to defeat recovery on the policy? If after a fire begins a building is wholly consumed by reason of insufficient fire protection or defective appliances, is the insurer liable? There is nothing in the record to show that the fire could have been extinguished with the existing appliances if the building had remained upon the original site. If, while burning, the position of a building is changed by explosion or some other outside force without the intervention of the insured, will this render the fallen building clause operative? We cannot so hold. Had it not been for the fire which was in the building when struck by the tornado, the partially demolished structure would still have been in existence. Under the fallen building clause, if the building had been blown down, or had fallen before fire was communicated to it, there would be no liability on the part of the insurer, but *contra* if the fire was burning before the building fell. *Transatlantic Ins. Co. v. Bamberger, Bloom & Co.*, 11 Ky. Law Rep. 101. It is held in *Friedman Co. v. Atlas Assurance Co.*, 133 Mich. 212, that the fallen-building provision in a fire policy is a condition subsequent, and that the burden is upon the insurer to prove as a defense that the building fell before the fire started. The opinion quotes at great length from *Western Assurance Co. v. Mohlman*

*Co.*, 28 C. C. A. (U. S.) 157, 40 L. R. A. 561, which holds to the same effect.

In *Insurance Co. v. Crunk*, 91 Tenn. 376, the facts were that before the fire destroyed the building it had been partially wrecked by a tornado. The roof of the two front upper rooms had been blown away, the rafters, ceiling and part of the walls remaining. There was evidence to show that before this some fire had been blown upon the floor by a current of air passing through a room, which was the probable cause of the burning of the building. The court said: "This was evidence sufficient to justify the verdict that the fire commenced before the fall of any part of the building. Of course, if it commenced before the fall, though the entire building fell subsequently, the insurance company would be liable. 2 May, Insurance (3d ed.) sec. 401."

Defendant insists that it is only liable for such damage as occurred before the building was moved by the tornado, and that, since there is no evidence on this point, there can be no recovery. The contention seems to be well answered in the following quotation: "When the fire begins to burn the property insured, the thing insured against has happened, the liability has begun, some loss has become inevitable. It is true that it might happen that a fall occurring during a fire would prevent it from being put out, and thus cause greater loss than would otherwise have been suffered, and the insurer might wish to contract for exemption in such a contingency. But in such a case it would be practically impossible to make an intelligent division, separating the loss occurring before the fall from that occurring afterward. No person owning goods would be willing to make such a contract and assume the burden of such a division, if he understood its effect. If it was the intention to provide for the case of the falling of a building after a fire had attacked the goods and to exempt the insurer from liability for the goods burned after the fall took place, while holding him for that which occurred before, surely more explicit language would have been

used." *Davis v. Connecticut Fire Ins. Co.*, 158 Cal. 766, 772.

We agree that, if it was the intention to place the burden of proof on the insured to show what proportion of the total loss accrued before a building falls and after a fire has begun therein, the policy provision should have been more explicit. The Nebraska flood cases cited are not applicable, since no contract of indemnity was involved, and the burden was on the claimant to prove the extent of his damage, while under a valued policy law a different rule prevails.

Complaint is made with respect to instructions given by the trial court, but, since there is no dispute as to the facts, the instructions could not have been prejudicial. Error is assigned on the refusal to give defendant's instruction No. 8, which, in substance, states that the jury must confine their verdict to actual damages done by lightning and fire to the building on its original site, and that "You cannot give a verdict for the damage done by the tornado." In instruction No. 6 by the court the jury were told, "You must not allow any damages done by the tornado." The remainder of the instruction was properly refused under the facts and the law.

The evidence justifies the verdict, and the judgment of the district court is

AFFIRMED.