27161. HANÓVER FIRE INSURANCE COMPANY *v.* PRUITT *et al.*

DECIDED MARCH 7, 1939. REHEARING DENIED MARCH 29, 1939.

*MacDougald, Troutman & Arkwright, Harllee Branch Jr., Dudley Cook, W. P. Whelchel, G. Fred Kelley,* for plaintiff in error.

*Joseph H. Blackshear, Charles J. Thurmond, Boyd Sloan, Wheeler & Kenyon, Little, Powell, Reid & Goldstein, B. D. Murphy,* contra.

GUERRY, J. This is a suit on a fire-insurance policy, because of the destruction by fire of a certain stock of goods covered by the policy sued on. The petition alleged that the policy was in force, attached a copy of it to the petition, alleged the destruction of the stock of goods covered by the policy because of fire, the submission of proofs of loss, and the failure to pay. The defendant admitted that it issued the policy sued on, and pleaded that the policy contained this provision: "If a building or any part thereof fall, except as a result of fire, all insurance by this policy shall immediately cease;" and that "about 8:40 o'clock on the morning of April 6, 1936, and prior to the occurrence of any fire on the premises described in said policy, a tornado or violent windstorm occurred

at or about said premises, which said tornado or windstorm then and there immediately caused a part of the building described in said policy to fall. . . Defendant avers that the falling of said building or a part thereof occurred prior to the fire alleged to have occurred in plaintiffs' petition." We shall not go into any detailed description of the evidence with reference to the frightful tornado which struck Gainesville, Georgia, that day. It disclosed without dispute that the stock of goods insured was located in a four-story brick building; that during the progress of the tornado the building was demolished and was immediately on fire, and the remains were destroyed by fire. The main question which was for determination by the jury was whether the fire started before the building fell or after it fell. Under the decision of this court on an identical contract, it was held that if the fire *began* after the fall of the building there could be no recovery on the policy. *Nalley* v. *Hanover Fire Insurance Co.,* 56 *Ga. App.* 555 (193 S. E. 619). We think it is also well settled that if the fire started *before* the fall of the building, but the destruction was not complete before the fall, a recovery may be had. If the fire after the fall was the continuation of the fire in progress before the building fell, a recovery may be had on the policy. See Hartford Fire Ins. Co. *v.* Doll, 23 Fed. (2d) 443, and cases cited in note to that case in 56 A. L. R. 1059. A careful reading of the very voluminous brief of the evidence, without recounting it, convinces us that the circumstances detailed did not preponderate to such an extent as to demand a finding either that the fire began before or after the building was demolished. The plaintiff in error, defendant in the court below, says in its brief: "The plaintiffs' theory was that there was a strong wind prior to the tornado, which blew out the plate-glass windows, and this strong wind blew down the [red hot] stove pipes and overturned the stove located on the first floor (of the four-story building) spreading the fire to the stock of merchandise prior to the collapse of the building." It is contended that there was no evidence to support this theory except the fact "that there was a strong wind which blew out the front plate glass of the plaintiffs' windows some few seconds before the tornado struck." It is further contended that the plaintiffs in the court below insisted that it could be inferred from this circumstantial evidence that this wind was strong enough to overturn the stove and thus spread the

fire to the stock of goods before the tornado demolished the building.

The plaintiff in error says, in its brief, "There was no evidence to support the verdict for the plaintiffs and a finding that plaintiffs' stock of goods caught fire prior to the falling of a material portion of plaintiffs' building." Did the burden rest upon the plaintiffs to show this fact, or was the burden on the defendant to show the converse, that is, that the building did not catch on fire until after it fell? An answer to this question decides this feature of the case. In the present case it is undisputed that there was a valid policy in effect insuring plaintiffs' stock of goods against loss by fire. It is also undisputed that plaintiffs' insured property was destroyed by fire. The condition in the policy that no liability under the policy was to exist in the event the building fell before the fire, was a condition subsequent. *Morris* v. *Imperial Ins. Co.*, 106 *Ga.* 461 (32 S. E. 595) ; *American Ins. Co.* v. *Peebles,* 5 *Ga. App.* 731 (2) (64 S. E. 304) ; *Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (63 S. E. 638) ; Western Assurance Co. v. Mohlman Co., 83 Fed. 811 (40 L. R. A. 561) ; Phenix Ins. Co. v. Luce, 123 Fed. 257; Rossini v. St. Paul Fire &c. Ins. Co., 182 Cal. 415 (188 Pac. 564) ; Fountain v. Conn. Fire Ins. Co. (Cal. App.), 117 Pac. 630; Transatlantic Ins. Co. v. Bamberger, 11 Ky. Law R. 101 (11 S. W. 595) ; N. & M. Friedman Co. v. Atlas Assurance Co., 113 Mich. 212 (94 N. W. 757) ; Wiig v. Girard Fire &c. Ins. Co., 100 Neb. 271 (159 N. W. 416, L. R. A. 1917F, 1061) ; Keistler Co. v. Ætna Ins. Co., 124 S. C. 32 (117 S. E. 70) ; London &c. Ins. Co. v. Crunk, 91 Tenn. 376 (23 S. W. 140). It is a condition subsequent, analogous to a provision that the policy is void if the title to the building or property insured be not in the plaintiff. In *Morris* v. *Imperial Ins. Co.,* supra, it was said: "Where to a suit upon a policy of fire insurance the defense is interposed that at the time the policy was taken out by the insured he was not the owner of the property thereby covered, the burden of satisfactorily establishing this contention rests upon the defendant, notwithstanding it may be incumbent upon the plaintiff, in order to make out a prima facie case, to show that the property in question, alleged to have been destroyed by fire, belonged to him at the time the same was burned." See *American Ins. Co.* v. *Peebles,* and *Gate City Fire Ins. Co.* v. *Thornton,* supra.

"Again, a stipulation that 'in case of the fall of the building, all insurance by this policy shall immediately cease' is a condition subsequent and not an exception, and the burden of showing that it became operative before loss is upon the insurer, especially where it is not in the descriptive part of the policy, but is among the provisos." Couch Ency. Insurance Law, § 2246. It is said further in the same section: "In other words, when the plaintiff has made out a prima facie case the defendant has the burden of proving a defense thereto."

We think the plaintiffs made out a prima facie case when they introduced the policy sued on, which on its face was in effect, and showed a loss by fire, the amount of the loss, and proper demand and refusal. This proof fully measured up to the allegations contained in the petition and, nothing else appearing, would have entitled the plaintiffs to a verdict. The defendant pleaded a breach of a condition subsequent; the question therefore for determination is not whether the plaintiffs have shown that the fire began before the building fell, but whether the defendant has established that the building fell before the fire began. The burden, or the duty of going forward with the evidence, was upon the defendant to show the breach of this condition subsequent; just as would have been its duty in case its plea had been that title to the building was not in the plaintiffs at the time of issuance of the policy, or that the property was vacant at the time of the fire, or that the risk had been increased by hazard named in the policy, or that there was other insurance on the same property. The defendant has the burden of proving an affirmative defense, to wit, that the building fell before it caught on fire. We are not able to say that the evidence "conclusively shows that the collapse of the building, caused by the tornado, preceded the fire." As was said by this court in *Georgia Ry. & El. Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076), "Where a plaintiff in a civil case supports his action solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied upon, and to preponderate to that theory, rather than to any other reasonable hypothesis." See *Bentley* v. *Southern Ry. Co.,* 52 *Ga. App.* 188 (2) (182 S. E. 815).

When the plaintiffs had introduced their evidence in this case,

unless such evidence itself established the fact that the building fell before the fire started, they would be entitled to a verdict. We do not believe the evidence in this case, which was entirely circumstantial as to when the fire started, was sufficient to establish the defendant's contention that the building collapsed before the fire began. On the other hand, had the burden been upon the plaintiffs to establish that the fire began before the building fell, we think they would have failed. Applying the rule quoted in the *Harris* case, supra, we think the evidence failed to preponderate to the theory that the building fell before the fire began, rather than to the theory that the fire caught from the stove which may have overturned before the fall of the building. We agree with counsel for plaintiff in error that if the burden was on the plaintiffs in the court below to establish the time when the fire began, their theory would be based on a succession of inferences. Likewise, we think the burden which was on the defendant as to that matter was only established by a succession of inferences. Counsel are agreed that if the fire began before the collapse of the building because of the tornado the plaintiffs were entitled to recover.

Complaint is made as to the following charge of the court: "I charge you that the falling-building clause, as contained in this policy, or contract of fire insurance, will not void this policy, or relieve the defendant company of liability, if a fragmentary or minute portion of the material in the insured building should fall. Before the defendant company would be relieved, under this stipulation or condition in the contract of fire insurance in this case, the burden is upon the defendant company to show that some functional or material portion of the building fell prior to the fire, the falling of which destroyed its distinctive character, that is, its distinctive character as a building." It is insisted that it was error to charge that it was necessary for the defendant to show that a material portion of the building fell prior to the fire, and that the falling destroyed its distinctive character as a building. It is not a question as to whether the effect of the fall would be to increase the risk, but it is the event (the fall) itself which is provided against, provided what falls is "a material, substantial or important part of the structure." There was evidence in this case from which it might have been found that the front glass

windows of the building blew out before the tornado which caused the collapse of the entire building. The jury was not bound by this fact to find that a material or substantial part of the building had fallen, so as to make operative the provision of the condition subsequent. See Hartford Fire Ins. Co. v. Doll, supra. Without attempting to discuss in detail the objections to evidence and the charge of the court with respect to the question as to the extent of the damage caused by the fire, it is sufficient to say that no material error is disclosed that would require a reversal of the case. There was ample evidence to show that the fire caused damage to the stock insured in excess of the amount of the policy.

The plaintiff in error insists that it was incumbent on the insured to prove "that the damage occurred at a time when the contract of insurance was in force and effect." The policy insured against loss by fire occurring within the dates named in the policy. The evidence demanded a finding that the fire occurred within those dates. The fact that there was a condition subsequent which would avoid the policy was an affirmative defense set up by the insurer. While there is no plea of confession and avoidance in this case, which would give to defendant the right to open and conclude, because there is a general denial of the plaintiffs' petition, it does not alter the fact that when the plaintiffs have made out a prima facie case by the introduction of the policy and proof that loss has occurred by reason of the hazard insured against, and the extent of the loss, that the defendant must either disprove these contentions established by evidence or establish an affirmative defense. If the evidence for the defendant does not negative the evidence for the plaintiffs except that it tends to support its affirmative defense, the plaintiffs have carried the burden resting on them and the burden of establishing the affirmative defense filed shifts to the defendant. If it fails to carry this burden, the plaintiffs are entitled to recover. Besides the general issue, the defense interposed was an affirmative defense, to wit, that the building fell before the fire began, which was a condition subsequent. Code, § 38-103, provides: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or *defense* the proof of such fact is essential." (Italics ours.)

As to the colloquy between counsel, the motion for mistrial based

thereon was properly overruled, especially in view of the instruction of the court at the time.

It appears from the evidence in this case that the books and invoices of the insured were in use at the time of the fire and tornado and that they were destroyed. Evidence as to the amount and value of the stock insured, as well as the extent of the damage caused by the fire, was circumstantial and opinionative. Error is assigned because an adjuster obtained from over two hundred firms copies of invoices of merchandise sold and shipped to the insured between the dates of June 1, 1935, and April 4, 1936, and also obtained the inventories of the insured for the fourteen years preceding, and made up an estimate from which he formed an opinion as to the amount of stock on hand at the time of the loss. Objection was made that the invoices of the various shippers were hearsay, and that the opinion was therefore formed from hearsay testimony and was inadmissible. All of these records, replies, and invoices were in the court at the time, though the writers of the letters were not. The inventories for the preceding fourteen years and the Federal income-tax returns, together with the letters above referred to enclosing inventories of goods shipped to the insured during the period from June 1, to April 4, were all in court and available to opposing counsel. The adjuster who made the calculations was an experienced insurance adjuster. His conclusion was that the stock destroyed by fire was at least $65,000. The amount of the policy sued on was $2000. That part of the adjuster's testimony which was obtained from letters enclosing copies of inventories was derived from hearsay evidence, and the objection thereto was good to that extent. In view of the fact that the testimony of this witness was based on other records which were not hearsay, and the further fact that there was other evidence tending to show the value of the stock of goods destroyed, the error complained of, if error it be, will not require the grant of a new trial.

In view of what had been argued by counsel for the opposite party, we do not think the remarks of counsel, even if it be conceded that they were prejudicial, which we do not concede, would require the grant of a new trial.

The complaint that the reading of the law as contained in certain cases to the court in the presence of the jury was such error as to

require a new trial is entirely without merit. The case of *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (173 S. E. 744), is not at all in point on the error assigned. It does not appear from the motion that counsel read any facts in any case to the jury. The *Huckabee* case, supra, was decided on the theory that the continued reading of the sizes of the verdicts rendered in the cases being read and cited was highly improper. This court has no disposition to limit the reading or discussion of the law to the trial judge even though it be in the presence of the jury. The language read was not subject to any criticism offered. *Rome R. Co.* v. *Barnett,* 94 *Ga.* 446 (20 S. E. 355).

We have read with care the forty-six grounds of the motion, and have discussed those to which the plaintiff in error in its brief has devoted most attention. For no reason assigned do we think the court erred in overruling the motion for new trial.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. One of the conditions of the policy of fire insurance sued on was that "if a building or any part thereof fall, except as the result of fire, all the insurance by this policy on such building or its contents shall immediately cease." The plaintiffs alleged that on March 6, 1936, the defendant, in consideration of the payment of a premium, issued a policy insuring the Pruitt-Barrett Hardware Company against loss by fire of the goods involved in this case "for a period of twelve months from that date." The defendant's answer admitted that it issued a policy of fire insurance, but denied that the insurance was "for a period of twelve months" from March 6, 1936, and alleged that the policy was issued upon the conditions set forth therein which defined its duration. The petition also alleged that the property so *insured* and destroyed was of a certain value, and this allegation was denied in the answer. Although there was no direct reference to the fall of the building in the original petition, the plaintiffs filed an amendment in which, apparently in order to avoid the provision of the policy terminating the insurance in the event of the fall of the building before the start of the fire, they referred to said provision and alleged a waiver thereof by the defendant. It appears affirmatively from the pleadings and the other parts of the record that the defendant did not admit, either

in its answer or in open court, a prima facie case in favor of the plaintiffs; but, on the contrary, in its answer and throughout the trial, denied any liability, contending that the goods, under the terms of the policy and the facts of the case, were not insured at the time of the fire. In *New South Rubber Co.* v. *Muse,* 27 *Ga. App.* 549 (2) (109 S. E. 296), this court made the following ruling: "Except in cases where the defendant by his plea admits a prima facie case as alleged in the petition, so that the plaintiff without more could recover the amount sued for, or where the defendant in open court makes such an admission and thereby assumes the burden of proof, the burden in all cases brought ex contractu lies upon the plaintiff, and it is incumbent upon him to establish all of the unadmitted material allegations as laid in the petition. Since the plea in the instant case does not admit a prima facie case, such as the plaintiff without more could recover on in the amount sued for, the general burden remained upon the plaintiff; and in the absence of a timely request, it was not incumbent upon the court to charge upon the shifting of the burden under the development of the evidence. *Western & Atlantic R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130); *Brunswick &c. R. Co.* v. *Wiggins,* 113 *Ga.* 842, 845 (39 S. E. 551, 61 L. R. A. 513); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 55 (2) (92 S. E. 391)." Moreover, irrespective as to which party had the burden of proof at any particular stage of the trial, at the conclusion of the evidence, the plaintiffs had adduced no evidence, direct or circumstantial, showing, or reasonably tending to show, or authorizing a finding, that the fire originated before the fall of the building. Therefore, under the above-stated provision of the policy of insurance, the plaintiffs failed to prove that their property was insured at the time of the fire. The verdict in their favor was contrary to law and the evidence, and the refusal to grant a new trial was error.