28088. ATLANTIC MUTUAL FIRE INSURANCE COMPANY
*v.* PRUITT *et al.*

DECIDED MARCH 14, 1940. REHEARING DENIED MARCH 29, 1940.

*Smith, Smith & Bloodworth, G. Fred Kelley, W. P. Whelchel,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Joseph H. Blackshear, Boyd Sloan, Wheeler & Kenyon,* contra.

*MacDougald, Troutman & Arkwright,* as amici curiæ.

468

470

STEPHENS, P. J. (After stating the foregoing facts.)

The first contention of the insurance company, as stated by its counsel, is "that the evidence demands a verdict in favor of the defendant insurance company because it appears from the evidence and all proper inferences therefrom that the proximate cause of the loss and damage to the insured merchandise was a tornado, and that fire occurred in the wreckage immediately following the collapse of the building containing the insured stock of merchandise as the immediate, direct, proximate, and natural result of the destruction of the building by the tornado." The affirmative defense of the company is predicated on what is known as the fallen-building clause, contained in the policy sued on, to wit, "If the building or any part thereof fall except as the result of fire, all the insurance by this policy on such building or its contents shall immediately cease." Such a provision in a policy of insurance is valid. *Nalley* v. *Hanover Fire Ins. Co.,* 56 *Ga. App.* 555 (193 S. E. 619); *Smith* v. *Ætna Ins. Co.,* 58 *Ga. App.* 711 (199 S. E. 557).

The defendant contends that under this clause in the policy a verdict for the insurance company was demanded, because the uncontradicted evidence showed that a material and substantial part of the building containing the insured stock of merchandise was caused to fall by a tornado before any of the merchandise was afire. The defendant set up in its plea that the building containing the merchandise was destroyed by a tornado occurring before the fire, and that when the fire occurred the insurance on the building and

its contents, including this stock of merchandise, had terminated, and hence it was not liable. The defendant states that all "the testimony introduced by it supports the truth of this affirmative defense, and all the testimony introduced by the plaintiffs is fully consistent with and supports the truth of this defense."

The burden of establishing this affirmative defense was on the defendant, although, of course, the plaintiffs had the burden of establishing a prima-facie case showing a loss of the merchandise by fire within the policy period. The plaintiffs contend that, under the evidence, the jury were not required to find that the fire occurred upon the collapse of the building or thereafter, but "that the testimony of the witnesses fully authorized the jury to find that the precedent wind which, according to the undisputed testimony of all the witnesses, actually occurred and was strong enough in force to blow out the plate-glass windows of this particular building, to blow people about on the streets, and to lift furniture from place to place in a furniture store, could and did cause the fire to escape from the stove by blowing the stove itself over, or blowing down the stovepipe or by its force and violence drawing the flames from the stove." They further contend that not only is this true, but the jury were authorized to find that the fire could have started by the wind blowing inflammable merchandise against the stove, and thence to other parts of the building. The plaintiffs stated that if the weighty mass of material, brick, and debris had fallen upon the stove upon the collapse of the building, as the defendant contends, and caused the fire to escape from the stove, that "there would have been no fire in the ruins of the building except possibly where the stove was located, which was near the office, because the weight of these materials upon the stove and about on the floor around the stove would likely have prevented any spread of the fire from that one location, and that there was evidence to show that almost immediately after the tornado had passed there was fire in more than one place, and other than near the spot where the stove was located, and that some of these scattered fires were burning briskly and with considerable headway a short time after the tornado."

Under the facts of this case this court can not hold as a matter of law that the evidence did not warrant an inference that there was a hostile fire present and in progress to some degree in the

stock of merchandise and in the building before the wind blew the building down. Reference to the preceding statement of facts will disclose this to be true. The case of *Hanover Fire Ins. Co.* v. *Pruitt*, 59 *Ga. App.* 777, 779 (2 S. E. 2d, 123), certiorari denied, involved a verdict against another insurance company on account of the destruction of the same stock of goods involved in this case, and in which the identical tornado and fire were concerned. (It will be noted that the plaintiffs carried $50,000 of fire insurance on the stock of goods in their store, and that the policy now sued upon constituted only one-tenth part of this insurance.) The evidence in the record in that case and the evidence in the record in the case now before this court are not dissimilar but are largely identical. This court, in that case, in upholding a verdict for these plaintiffs against that company said: "The plaintiff in error says, in its brief, 'There was no evidence to support the verdict for the plaintiffs and a finding that plaintiffs' stock of goods caught fire prior to the falling of a material portion of plaintiffs' building.' Did the burden rest upon the plaintiffs to show this fact, or was the burden on the defendant to show the converse, that is, that the building did not catch on fire until after it fell? An answer to this question decides this feature of the case. In the present case it is undisputed that there was a valid policy in effect insuring plaintiffs' stock of goods against loss by fire. It is also undisputed that plaintiffs' insured property was destroyed by fire. The condition in the policy that no liability under the policy was to exist in the event the building fell before the fire, was a condition subsequent [citing authorities]. . . 'Again, a stipulation that "in case of the fall of the building, all insurance by this policy shall immediately cease" is a condition subsequent and not an exception, and the burden of showing that it became operative before loss is upon the insurer, especially where it is not in the descriptive part of the policy, but is among the provisos.' Couch Ency. Insurance Law, § 2246. It is said further in the same section: ' In other words, when the plaintiff has made out a prima facie case the defendant has the burden of proving a defense thereto.' We think the plaintiffs made out a prima facie case when they introduced the policy sued on, which on its face was in effect, and showed a loss by fire, the amount of the loss, and proper demand and refusal. This proof fully measured up to the allegations contained in the

petition and, nothing else appearing, would have entitled the plaintiffs to a verdict. The defendant pleaded a breach of a condition subsequent; the question therefore for determination is not whether the plaintiffs have shown that the fire began before the building fell, but whether the defendant has established that the building fell before the fire began. The burden, or the duty of going forward with the evidence, was upon the defendant to show the breach of this condition subsequent. . . The defendant has the burden of proving an affirmative defense, to wit, that the building fell before it caught on fire. We are not able to say that the evidence ' conclusively shows that the collapse of the building, caused by the tornado, preceded the fire.' . . When the plaintiffs had introduced their evidence in this case, unless such evidence itself established the fact that the building fell before the fire started, they would be entitled to a verdict. We do not believe the evidence in this case, which was entirely circumstantial as to when the fire started, was sufficient to establish the defendant's contention that the building collapsed before the fire began. . . We think the evidence failed to preponderate to the theory that the building fell before the fire began, rather than to the theory that the fire caught from the stove which may have overturned before the fall of the building."

Furthermore, this court in *Home Ins. Co.* v. *Palmour Hardware Co.*, 61 *Ga. App.* 868 (7 S. E. 2d, 816), recently followed *Hanover Fire Ins. Co.* v. *Pruitt*, supra, in which a similar situation and the same tornado were involved, and in which the issues and contentions were the same as those involved in the case now before the court. Also see generally, Hartford Fire Ins. Co. v. Doll, 23 Fed. 2d, 443 (56 A. L. R. 1059); Davis v. Connecticut Fire Ins. Co., 158 Cal. 766 (112 Pac. 549, 32 L. R. A. (N. S.) 604).; Western Assur. Co. v. Mohlman, 83 Fed. 811 (40 L. R. A. 561); Wiig v. Girard &c. Ins. Co., 100 Neb. 271 (159 N. W. 416, L. R. A. 1917F, 1061).

Therefore this court in the present case does not agree with the defendant's counsel that the jury were not authorized under the evidence to find that a hostile fire had not been started in this building and in the stock of merchandise therein by the strong winds immediately preceding the tornado proper which caused the collapse of the building, and that the policy was therefore not in

force at the time the fire began. The verdict of the jury finding for the plaintiffs is consistent with the evidence, and it is just as consistent with the theory of the defendant that the fire started after the collapse of the building and was probably caused by the falling building crushing the red hot stove thereupon igniting a fire in the debris around the stove. The jury were authorized to draw an inference from the evidence opposite to that contended for by the defendant, and one which is just as reasonable and just as consistent with the evidence.

The defendant states that the burden rested on the plaintiffs to proved by a preponderance of the evidence the amount of damage to the merchandise as a direct result of the fire, and that the plaintiffs would not be entitled to recover under this policy for the damage resulting from the tornado. Under the evidence, the jury were authorized to find that the damage to the stock of goods caused by the tornado itself and the falling building was negligible, and that the fire itself destroyed the bulk of the stock of merchandise, regardless of whether the fire began before the building fell, or began upon the fall of the building, as claimed by the defendant. The stock of goods was insured for $50,000. The amount of the policy of the defendant was $5000. The evidence was that the value of the stock of goods on hand in the store building at the time of the tornado and fire was considerably more than $50,000. The merchandise salvaged sold for $6449.64 and the expenses of preserving and selling amounted to $899.15, leaving a net salvage of $5550.49. The jury were authorized to find that the actual injury by the tornado itself, that is by the falling building, to the merchandise in the store, was very little and was insufficient to bring the monetary loss sustained by the plaintiffs by reason of the damage and destruction of the stock of merchandise, however caused, allowing for the value of that part salvaged, below $50,000. Therefore, there was evidence that the stock of goods was damaged by fire in an amount equal to or in excess of $50,000, and a verdict finding the insurance company liable for the full amount of the policy sued on, $5000, was not without evidence to support it. It follows that the evidence authorized a verdict for the plaintiffs.

In ground 6 of the amended motion for new trial the defendant assigns error on the propounding by the plaintiffs' counsel of the following question to the witness, J. A. Anderson, and the answer

of the witness thereto: Q. "Constructed as that building was constructed, Mr. Anderson, with the floor joists and flooring, the support of the flooring as you have testified, if that building collapsed on the inside, would the presence of those floor joists and timbers and flooring have a tendency to break the fall of the merchandise?" A. "I would think so." Counsel for the defendant objected to this testimony on the ground that the question was leading and called for a "conclusion and speculation of this witness." The defendant "contends that this line of testimony constituted a direct invasion of the province of the jury," and "that even the jury would not be authorized under the law to guess or speculate without some evidence to afford a legal basis for an inference or conclusion." The witness had testified that he was an employee of the plaintiffs, and had been since 1925; that he was familiar with the merchandise carried in the store and with the location of such merchandise in the building. He further testified as to the location, at the time of the tornado and the fire, of the various articles of merchandise in the store, testifying as to what kind was kept on each of the floors of the building, how it was kept, whether it was heavy or light merchandise, whether it was merchandise that would be easily broken or damaged by a fall or not, and as to the manner in which the various articles were packed, wrapped, or cased. This witness further testified that there were four stories in the building, with solid brick walls all the way up, and that the floors and ceilings were constructed of wood and the floor and ceiling joists also were constructed of wood. He further testified, on cross-examination, that everything in the building would not be damaged with the floor collapsing from the top; that some named articles would be damaged and others would be damaged not at all, or but slightly. He likewise testified on direct examination, without objection, and gave his opinion as to the amount of damage likely to be caused by the collapse of the building to various articles of merchandise, having regard to the kind and nature thereof, and having regard to their location in the building. The opinion of the witness was based on facts testified to by him and was not a mere speculation. His conclusion was obvious. While the question was leading, the evidence was not harmful. The admission of this evidence was not error.

The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, J., concurs.*

484

FELTON, J., concurring specially. I concur in the judgment for the reason that the insurance company failed to carry its burden of showing that the building collapsed before the fire started. The evidence was entirely circumstantial. It was inconclusive and demanded a finding against the party having the burden of proving that the building collapsed before the fire started.