36910. POLK *v.* FULTON COUNTY.

DECIDED NOVEMBER 14, 1957—REHEARING DENIED DECEMBER 4, 1957.

734

*E. H. Stanford,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, W. Neal Baird,* contra.

GARDNER, P. J. 1. The evidence is voluminous. We see no need to detail it here. Suffice it to say that much of the evidence was adduced from experts and was sufficient to sustain the verdict of the jury.

2. Special ground 1 of the amended motion for new trial complains that the court inaccurately charged the contentions of the parties in that he stated that the condemnee "denies that the plaintiff has offered him just and adequate compensation" and "Fulton County contends that it has offered, and is ready, able and willing to pay what it considers to be just and adequate compensation" when in fact the petition did not allege or the defendant deny that such compensation "had been offered" but rather alleged that "it is willing to pay" just and adequate compensation. Special ground 6 complains that the plaintiff failed to prove substantially the allegations of its petition in that it failed to prove willingness to pay, that the lands sought to be condemned are a part of a proposed public highway essential to public welfare, or that Fulton County has determined by

proper action the necessity for such construction. The agreement of the parties at a pretrial conference under the provisions of Code (Ann.) § 81-1014 limits the issues for trial to those not disposed of by agreement, and stipulates that the sole issue for jury determination is confined to value of property and consequential damages and benefits.

Accordingly, the slight misstatement as to the contentions of the parties, as well as the failure to prove certain allegations of the petition are entirely immaterial and these grounds are without merit.

3. It is contended by special ground 2 that the charge: "When the defendant makes affirmative allegations in its answer, the law places the burden of proof on the defendant likewise to prove by a preponderance of the evidence that [such] allegations are true," while a correct statement of law, is not adjusted to the case, in that no cross-action was filed by the defendant. Code § 38-103 provides: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." (Italics ours). See also *Hanover Fire Ins. Co.* v. *Pruitt*, 59 *Ga. App.* 777 (1) (2 S. E. 2d 123). Since it was essential to the defense for the condemnee to show that the value of the property was as contended by him rather than as contended by the plaintiff, the charge was entirely proper.

4. Special grounds 3 and 4 complain of the italicized addition by the court to an excerpt from the charge, the first sentence of which was given as requested by the defendant: "One whose property is taken for the public use is entitled to be so compensated as to be able, if he wishes to do so, to replace exactly what was taken from him. *You may or may not consider that principle, as you believe to be just and proper under the facts and circumstances of this case.*" This charge, eliminating the last sentence, would make replacement value the equivalent of "just and adequate compensation" as used in our Constitution, which it is not. The true measure of damages as set out in *Housing Authority of Savannah* v. *Savannah Iron & Wire Works,* 91 *Ga. App.* 881 (3) (87 S. E. 2d 671), (and as also charged substantially by the court in this case), is as follows: "The measure of damages for property taken by the right of eminent

domain, being compensatory in its nature, is the pecuniary loss sustained by the owner, taking into consideration all relevant factors. Ordinarily this loss is represented by the fair market value of the property interest taken, but it may be the fair and reasonable value of the property taken if in fact the market value would not coincide with the actual value thereof." The dissents in the *Housing Authority of Savannah* case are on the proposition that even this rule is too broad and that fair market value alone should be the criterion. To further extend the measure of damages so as to allow replacement value alone to become the standard for compensation would be contrary to the rule followed in this and the other States. The plaintiff in error relies on *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 S. E. 651), but that case only goes to the extent of pointing out that there may be special circumstances where just compensation is not afforded unless it is sufficient to allow for repayment or replacement of like property. In that case the property involved was a specially selected group of stones designed for a wall, difficult of duplication and involving loss of time of selection and hauling so that its value to the owner was substantially greater than a similar pile of ordinary rock would have been. An apartment house utilized for income purpose, on the other hand, has a relatively definite market value which is the same to the owner as to other investors of his class generally. It follows that the request to charge was itself not a correct statement of the law, and the fact that the court qualified it by leaving to the jury whether or not they wished to determine compensation on the basis of replacement value was not harmful to the party complaining. These grounds are without merit.

5. It is complained in special ground 5 that the court misled and confused the jury by charging, as to the form of verdict, that if there were no consequential damages, or consequential benefits exceeded consequential damages, the form of verdict on this issue should be: "We, the jury find in favor of the plaintiff in reference to damages." In special ground 7 it is contended that the verdict rendered is void because it reads: "We the jury find for the *plaintiff* in the sum of $5,400 for the property taken. We find no consequential damages to the remaining property."

Since the form suggested in the charge would not have given

the jury an opportunity to find any sum of money for the plaintiff, it is not error as contended. The jury certainly was confused into writing the word "plaintiff" instead of "defendant" in the verdict, but showed by the wording of the sentence that the money was for *property taken,* not for consequential damages. The error accordingly appears to be one of form rather than substance, which, under the provisions of Code § 110-111 may be amended even after the jury is dispersed, as was done in this case. "Where the intention of the jury is apparent on the face of the verdict, the form of it may be amended to conform to the apparent intention. *Corbett* v. *Gilbert,* 24 *Ga.* 454 (1)." *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (2) (90 S. E. 358). In this case, under the contentions of either party, some sum of money would be owing to the defendant for the property taken, the only question at issue being the amount. The amount found by the jury is supported by opinion evidence of a witness for the plaintiff. Because in jury trials generally the person seeking a money judgment usually is a plaintiff, the error in the wording is understandable, and the intent of the jury to find for the party whose property was condemned is clear. An error in using the word "plaintiff" instead of "defendant" where the meaning is in fact clear has frequently been held to be immaterial as a mere lapsus linguæ. *Becker* v. *Donaldson,* 138 *Ga.* 634 (5a) (75 S. E. 1122); *Lothridge* v. *Varnadore,* 140 *Ga.* 131 (2) (78 S. E. 721); *Yancey* v. *Montgomery & Young,* 173 *Ga.* 178 (2d) (159 S. E. 571). In a case where the intention of the jury is not clearly apparent on the face of the verdict, as in *Shelton* v. *O'Brien,* 76 *Ga.* 820, the court of course has no power to amend the verdict. In that case there was a contest for a sum of money between a claimant and a plaintiff in execution, either of whom, under the evidence, would have been entitled to a verdict. Under these circumstances a verdict for the "claimant in execution" was held hopelessly ambiguous, as there was no means of determining for whom the verdict was in fact intended. It is apparent, therefore, that in that case the designation of the party for whom the verdict was rendered was a matter of substance. On the other hand, in this case it is equally certain that it was only a matter of form. In that case only the jury could amend the verdict, because the evidence

authorized a verdict for either party, and only the jury knew for whom it was intended to be rendered. In this case, only the defendant was entitled to a verdict, and one was demanded for him in some amount. Also in this case the verdict shows on its face that it was rendered as compensation for the property taken, such property being that of the defendant and being the only property involved in the action.

6. Special ground 6 assigns error because it is alleged that the plaintiff failed to prove its case as alleged as regards paragraphs 2, 3, and 7 of the petition. Paragraph 2 alleges that the lands sought to be condemned are to be used as a part of a public highway, etc. Paragraph 3 alleges that the petitioner, acting through the proper authorities, has determined by proper action the necessity for the construction of the highway, and all the questions of necessity and public convenience with respect to the construction of the said highway have been determined by the said authorities. Paragraph 7 alleges that the plaintiff, through properly constituted authorities is willing to pay the true owners having an interest in the proposed condemned lands just and adequate compensation for such lands being condemned and all damages to which the owners are legally entitled. All the evidence for all parties concerned went to the issue as to the value of the property. Apparently at the trial there was no question as to the use to be made of the lands; apparently all concerned knew that the land was for a right-of-way and no one contested the point of authority for condemnation or any other point set out in these paragraphs. These paragraphs covered points which are necessarily involved in a condemnation suit. The proof submitted, coupled with the pleadings, makes such an assignment as set out in this special ground without merit.

The trial court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*